SMITH
*v.*
OLMSTEAD.

*Thursday,*
*November 22.*

---

SMITH *v.* OLMSTEAD.

A party is not entitled by the statute, *after he has built a mill*, to take out a writ of *ad quod damnum*.

Unless the damages, assessed under a writ of *ad quod damnum* taken out by a party wishing to build a mill, be paid, the assessment will not affect the remedy of the party injured for the injury occasioned by the dam.

Although before the erection of a mill-dam, the owner of the mill have the damages assessed under a writ of *ad quod damnum*, the assessment will not affect the remedy of the injured party for an injury which was not foreseen or estimated by the jury.

If a mill-dam be erected without authority, a party whose land is overflowed in consequence of the dam, (his right to complain having been established at law,) may file a bill in chancery to prevent a continuance of the injury.

APPEAL from the *Vanderburgh* Circuit Court.

*Thursday,*
*November 22.*

BLACKFORD, J.— This is a bill in chancery in which it is averred that *Smith* had built a mill-dam across a certain creek, by which dam the complainant's land was overflowed; and that the complainant had established his right at law to complain of this injury to his land. The object of the suit is to have so much of the dam abated as occasions the injury complained of in the bill.

The answer states that the defendant, in 1832, built the dam and a mill connected with it; and that he afterwards, in 1833, had the damages of the complainant assessed by virtue of a writ of *ad quod damnum*. The answer also relies

Nov. Term,
1838.

SMITH
v.
OLMSTEAD.

on another inquisition under a writ of *ad quod damnum*, issued by the defendant after the bill was filed, in which inquisition the jury found that the complainant would not be injured by the dam.

The material allegations of the bill were proved to be true; and a decree was rendered in the complainant's favour.

The defence, founded on the proceedings under the writs of *ad quod damnum*, cannot be supported. If the defendant wished 'to avail himself of the benefit of a writ of *ad quod damnum*, he should have taken it out before he built the mill. It was too late for him to have recourse to the writ after the mill was built. The fourth section of the statute respecting writs of *ad quod damnum*, which is relied on by. the defendant, does not warrant the proceedings in this case. That section, as we understand it, gives a right to the writ, *after the mill is erected*, only to the party injured by the dam. Rev. Code, 1831, p. 66 (1). But admitting the inquisitions not to be subject to this objection, there is still a bar to the defence. It is not stated in the answer, nor is it proved, that the damages assessed by the first jury were ever paid or tendered to the complainant; and the inquisition, without such payment, could not affect the complainant's remedy. It is only, according to the language of the statute, upon payment of the assessment, that the owner of the mill is freed from the damages he may occasion.

The second inquisition relied on by the defendant is objectionable on a different ground from that first stated. The bill is founded on an injury, which, as is shown by this inquisition, was not foreseen or estimated by the jury; and the inquisition therefore was no bar to the suit. The law on the subject is, that when a party sustains an injury by the dam which was not foreseen or estimated by the jury, he has the same remedy for the injury that he would have had, if the inquisition had not been taken. Rev. Code, 1831, p. 67.

It is shown by the record before us, that a mill-dam which causes the injury complained of in the bill, was built and is still kept up by the defendant; that he can derive no benefit from the writs of *ad quod damnum;* and that the complainant's right to complain of the injury has been established at law. It is decided that, under circumstances like these, a

Court of chancery may interfere and prevent a continuance <span>Nov. Term,</span>
of the injury. *Van Bergen* v. *Van Bergen*, 2 Johns. Ch. <span>1838.</span>
Rep. 272.

<span>ATKINSON</span>
*Per Curiam.*—The decree is affirmed. To be certified, &c. <span>v.</span>
<span>REDING.</span>
*J. A. Brackenridge*, for the appellant.

*S. Judah*, for the appellee.

(1) Accord. Rev. Stat. 1838, p. 59.—*Summy* v. *Mulford et al.*, *May* term,
1839, *post.* Contra, Stat. 1842, p. 158. ,