Nov. Term,
1845.

HONENSTINE *v.* VAUGHAN and Others.

HONENSTINE
v.
VAUGHAN.

In a case of *ad quod damnum*, in relation to the erecting or the continuing of a mill-dam, the petition, the writ, and the inquest, or at least the latter, should name all the proprietors of lands, both above and below the site of the dam, who may be or have been, in any way, injured by the dam.

*Tuesday,*
*December 2.*

ERROR to the *Allen* Circuit Court.

DEWEY, J.—This was an application for a writ of *ad quod damnum.* The petition sets forth that *Honenstine,* the petitioner, was the owner of a mill and dam, already erected on certain premises owned by him in fee-simple; that the dam was across the *St. Mary's* river; that *O. Vaughan, Small, J. Vaughan,* and *Drage,* were respectively the owners of certain tracts of land (describing them) lying on the river above the dam; that those persons complained that the lands described were injured by the overflow of water occasioned by the obstruction, and that they (the persons) were otherwise injured;—wherefore the petitioner prayed for a writ of *ad quod damnum,* to be directed to the sheriff, requiring him to summon a jury to meet on the several tracts of land described in the petition, and to inquire into and assess the damages done to their respective owners; and for further relief, &c.   A writ issued accordingly, commanding the sheriff to summon a jury to meet on a certain day therein named, on the several tracts of land named in the petition, (describing them,) and to inquire into and assess the damages to the lands which had been or might be done in consequence of the dam; whether the mill was of public utility; and whether the health of the neighbourhood had been or would be affected by the stagnation of the water obstructed by the dam, &c. The petitioner gave written notice to the persons named in the petition, of the issuing of the writ, and of the time and place appointed for the meeting of the jury.   The sheriff returned the writ with his doings thereon, and the inquest of the jury.   The inquest showed, that the jury assessed certain damages to two of the persons named in the petition and writ, for the injury done to their lands respectively therein described; and to the other two persons named in the petition and writ they awarded no damages, having found that their

lands described therein had sustained no injury. The jury further found that the petitioner's mill was of public utility; that the health of the neighbourhood was not affected; that the passage of fish was not obstructed; that the navigation of the river was not injured for more than two months in the year, and that that difficulty might be obviated by a slope; that neither the mansion-houses, offices, curtilages, nor gardens, of the persons named in the petition and writ, would be overflowed or injured in consequence of the dam. The sheriff gave legal notice to the four persons named in the inquest, whose premises had been viewed by the jury. Those persons appeared in Court, and moved that the proceedings might be dismissed, which was accordingly done, and a judgment for costs rendered against the petitioner.

The legality of the dismission is the only question raised by the record. It would, perhaps, be sufficient to show why the judgment should not be reversed, to remark that it does not appear by the record on what ground the Court dismissed the cause. The statute authorized the dismission, provided the Court was satisfied by evidence independently of the inquest, that the mill or its appurtenances, or the mansion-house, curtilage, or garden of any person, were overflowed or injured by the obstruction of the water; and for aught the record shows such evidence was given.

But there were other sufficient grounds for dismissing the proceeding. The petition, the writ, and the inquest were all defective. It is to be gathered from the statute on the subject of these writs of *ad quod damnum*, that if a person owning land on both sides of a water-course proposes to erect a dam, or is the owner of one already erected, and wishes to have the damages, which have been or may be occasioned by his dam, assessed, he may apply for a writ directing the sheriff to summon a jury for the following purposes: 1. To examine the lands of persons other than the petitioner, lying above and below the site of the dam, which probably may be or actually have been overflowed, or otherwise injured, by reason of the obstruction of the water, and to ascertain the amount of the damages which each of such persons (naming him) may sustain or has sustained; and to find whether the mansion-house, office, curtilage, or garden of such person will

Nov. Term,
1845.

be or has been overflowed, as the case may be. 2. To inquire whether, and in what degree, fish of passage, or ordinary navigation, will be or are obstructed; and whether the health of the neighbourhood will be or is injured. 3. Whether, and by what means, such obstruction can be prevented. And, 4. Whether, in the case of a mill already erected, the same is of public utility. R. S. 1843, p. 944.

It is evident that the petition, the writ, and the inquest, or at least the latter, to comply with all these provisions, must embrace all the proprietors of land, both above and below the site of the dam, who may be or have been, in any way, injured by it. But in the case before us neither the petition, the writ, nor the inquest, does embrace all such persons. On the contrary, the petition commences by praying for a writ to summon a jury, to inquire of the damages done to certain lands above the dam (describing them) belonging to certain individuals; and it neither negatives the fact that other proprietors are injured, nor alleges that those named had not other lands than those described, which were damaged. The writ and the inquest are equally limited.

The Circuit Court committed no error in dismissing the cause.

*Per Curiam.*—The judgment is affirmed with costs.

*D. H. Colerick* and *J. G. Walpole*, for the plaintiff.

*S. Bigger, R. Brackenridge, W. H. Coombs,* and *I. H. Kiersted*, for the defendants.