## LANE *v.* MILLER and Others.

Suit by *A.* against *B., C.,* and *D.,* to recover damages for backing water upon the lands of the plaintiff. On the trial, the defendants offered and gave in evidence, over the plaintiff's objection, the record of a proceeding upon a writ of *ad quod damnum,* in the same Court, upon the petition of the grantors of the defendants. The petition for the writ did not name any of the proprietors whose lands it was supposed would be affected by

the dam. The inquest of the jury set out that they had examined the land about the site of the proposed dam, and named several persons whose land might be affected, but did not name the grantors of the plaintiff, nor did it describe any land which would probably be affected. Notice was given only to the persons named in the inquest, and they not appearing, the inquest was confirmed, and leave given to erect the dam. The Court instructed the jury, that only the owners who would probably be injured need be named in the inquest, and the plaintiff's grantors not being named, the inference was, that in the estimation of the jury, they would not be injured by the erection of the dam, and that the record of the *ad quod damnum* was properly in evidence to show that the defendants had a right to build such a dam ; but that if *A.*, or his grantors, had no notice of the proceedings, then the plaintiff's claim would not be barred ; but persons not named are barred, if they in any manner had sufficient notice of the proceedings to know what was going on ; and whether the notice be written or verbal makes no difference.

*Held*, that the record was improperly admitted in evidence, and that the instruction of the Court was erroneous ; that the person applying for leave to build a dam, acquires the right to do so, only as against those whose lands the jury find will probably be affected, and who are notified, as provided by the statute.

*Held*, also, that the doctrine of *lis pendens* had no application to the case ; as, though the parties who then owned the land might actually have known of the pendency of the proceeding, yet they had a right to presume that, if the jury supposed their lands would be injuriously affected, they would be notified and made parties.

*Held*, also, that where an error is committed, in the admission of incompetent testimony, and the giving of an erroneous charge based upon it, there is no necessity that the record should contain all the evidence given in the cause, or that the case should be specially stated in accordance with § 347 of the code, in order to have the error reviewed in the Supreme Court.

APPEAL from the *Orange* Circuit Court.

WORDEN, J.—Suit by *Lane*, against the appellees, to recover damages for maintaining a mill-dam, and backing water upon the lands of the plaintiff.

Issue, trial, verdict and judgment for the defendants.

On the trial, the defendants offered, and gave in evidence, in order to establish a right to overflow the plaintiff's land, the record of certain proceedings upon a writ of *ad quod damnum*, had in the same Court, upon the petition of *Joseph Roberts* and *Martin Rigney*, under whom the defendants claim.

*Roberts* and *Rigney*, who owned the mill-site, proceeded, by way of *ad quod damnum*, to condemn the lands above the proposed dam, which, it was apprehended, would be affected thereby. The petition for the writ did not name any of the proprietors whose lands, it was supposed, would be affected by the dam. *William Cathcart*, and the heirs of *William Wolfington*, from whom the plaintiff derives title, were then the owners of the land now alleged to be overflown. The inquest returned by the jury sets out, that they had examined the lands above and below the point of the proposed dam, which probably might be overflowed or injured, and names several persons whose lands might be affected; but does not name *Cathcart* nor *Wolfington*, nor does it describe any lands which would probably be affected. Notice was given to such persons, only, as were named in the inquest. They not appearing, the inquest was confirmed, and leave given to erect the dam, to the hight of eight feet above low water mark. The persons owning the land, for the overflowing of which this suit was brought, were not named in the proceedings, nor were the lands mentioned or described.

The plaintiff objected to the introduction of this record, on the ground that the then owners of the land were not parties thereto, and were not notified, &c. The objection was overruled, and exception taken.

The Court instructed the jury that, "The owners who would probably be injured, were bound to be named (in the inquest); those who would not probably be injured were not bound to be named: and, I think the fair construction is, that this plaintiff, or the former owners of the land, were not named, because, in the opinion of the jury, they would not probably be injured by such a dam as they describe in the inquest. The *ad quod damnum* is, therefore, properly before you, to show that the defendant had a right to build such a dam as the judgment of the Court describes; but if you find, on the proof, that *Lane*, or his grantors, had no notice of the proceedings, then the claim of the plaintiff, in this suit, would not be barred by such proceeding. The Revised Statutes require that notice of the inquest should

be given, in writing, to all the persons named therein as affected; other persons, not named therein, are bound, if they, in any manner, have sufficient notice of the proceedings to know what is going on. Whether the notice be written, or verbal, makes no difference." Exception was taken to this charge.

We are of opinion that the record was improperly admitted in evidence, and that the instruction given to the jury was wrong. The general rule is, that none but parties and privies are bound by a judgment. There is nothing in the nature of these proceedings that should take them out of the general rule. On the contrary, the property of one man can be appropriated to the use of another, against the will of the former, only through the exercise of the right of eminent domain, for purposes deemed for the public good, and upon compensation being paid therefor. The validity of a law might well be questioned, which should, by its terms, authorize proceedings by which one man should acquire the right to overflow the lands of another, without, in some way, making the latter a party to such proceedings. The statute of 1843, under which the proceedings in this case were had, does not, as we think, admit of such construction. R. S. 1843, p. 944. By this statute, the jury are required to examine the lands which may probably be overflowed or injured, and say what damage it will be to the several proprietors, naming them; and, thereupon, the sheriff is required to give notice, in writing, to such proprietors, to show cause why the person applying should not have leave to build his dam. It seems to us clear, that the person applying for leave to build a dam, acquires the right to do so as against those only whose lands the jury find will probably be affected, and who are notified, as provided for by the statute. *Vide Honenstine* v. *Vaughan et al.*, 7 Blackf. 520. The jury, as was said in the charge of the Court, are not required to name those whose lands will not probably be injured by the erection of the proposed dam; but it by no means follows that such persons, when not named, or in any manner made a party to the proceedings, are bound by the opinion of the jury, that

Nov. Term,
1861.

LANE
v.
MILLER.

their land will not be injured. The Court below said, correctly, that the fair construction was that the owners of the land were not named, because, in the opinion of the jury, they would not probably be injured. The jury are not, by the terms of the statute, required to look beyond probabilities. There might be a serious injury resulting from the erection of a dam which was not foreseen by the jury, and, which, to them, did not seem probable. The 116th section of the statute provides for such cases. It says: "But such inquest of said jurors, and affirmation thereof by the Court, shall not bar any action which any person would have had for any subsequent damage or injury if this law had never been passed, other than for such damages or injuries as were actually foreseen and decided upon by the jury." Vide Smith v. Olmstead, 5 Blackf. 37.

It is claimed that the parties under whom the plaintiff claims, were bound by the proceedings, on the principle of lis pendens. We do not think the doctrine of lis pendens has any application to the case. The parties who then owned the land may, perhaps, be presumed to have known of the proceedings pending, but if so, they must be presumed to have known, also, that if the jury supposed their lands would be affected injuriously by the proposed dam, they would be properly notified, and made parties; and that if the jury did not foresee such injury, the proceedings would not affect them.

Another question of evidence is raised. On the trial, the plaintiff offered to prove by one of the jurors who made the inquest, that the jury did not consider whether any damage would be done to the lands mentioned in the complaint. The juror was held incompetent to testify to this fact. The view which we take of the record offered, and given in evidence, renders it unnecessary to pass upon the question thus presented.

There is another instruction complained of, as being contrary to law, and as being outside of any of the issues in the case. By an agreement of the parties, filed with the record, there appears to have been an issue of fact, to which the instruction was applicable. The evidence is not in the record,

and without inquiring whether the instruction was abstractly
correct, we think there might have been a state of facts, ap-
plied to which the instruction would have been correct.

A preliminary point, made by the appellees, remains to be
disposed of. As the evidence is not in the record, and as
the case is not stated specially, in accordance with § 347 of
the code, it is insisted that no question is presented by the
record. *Nay* v. *Byers*, 13 Ind. 412, is relied upon to sup-
port this position. That case does not sustain the position.
It has never, that we are now aware of, been decided, that
in order to present a question properly to this Court, the
record must, in all cases, contain the evidence, or present
a case specially stated, according to the provisions of the
section cited. In *Nay* v. *Byers*, an instruction was asked
and refused. The evidence not being in the record, it was
presumed that the instruction was rightly refused, because
not correct, as applied to the case made by the evidence.
An instruction was also given, which, it was contended, was
not justified by the evidence. It was held, that upon a case
that might have been made by the evidence, under the issues,
the instruction was correct. The evidence not being in the
record, it was presumed that such was the case made. The
Court say, having reference, of course, to the questions pre-
sented, that " the record should have contained all the evi-
dence given in the cause, or a case specially stated by the
Court, pursuant to § 347, 2 R. S. 1852, p. 116, in order to
have subjected the particular ruling of the court below to a
review in this court." This case is abundantly clear. With-
out the evidence, or a case stated to show the application of
the charges asked and refused, there was nothing to show
that any error was committed. There are many cases run-
ning through our reports, where judgments have been re-
versed for errors other than those committed in reference to
the validity of pleadings, the record containing neither the
evidence nor a case stated in accordance with the provisions
of the section mentioned. It would seem that when an
error is committed, as in this case, in the admission of in-
competent testimony, and the giving of an erroneous charge
upon it, there is no necessity that the record should contain

Nov. Term, 1861.

all the evidence, or that the case should be specially stated, in accordance with § 347. That section was intended to enable parties to avail themselves of an error by stating the case so as to present the error, and make it apparent, without the necessity of bringing up the entire record. Where the error is apparent without such special statement, or without the evidence, there can be no necessity for either.

The plaintiff duly moved for a new trial, on the ground of the erroneous admission of the testimony, and erroneous charges given.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*R. Crawford*, for the appellant.

*J. & A. B. Collins*, for the appellees.