## LANE v. MILLER and Others.

PLEADING. — MILL DAMS.—ESTOPPEL.—To a complaint for the wrongful flowage of the water of a river over the plaintiff's land, the defendants answered in two paragraphs: 1. That the defendants and those from whom they claimed and derived title, for more than twenty years next before the commencement of the action, had adversely and continuously enjoyed and used as their own, under claim of right, the right to flow the water back upon the lands named in the complaint, to the full extent to which it had been used by them.   2. That before the plaintiff became the owner of the land, and while the then owners had it in possession and under their control, they gave to those under whom the defendants claim title, the right to erect and maintain the dam mentioned in the complaint of the same hight it was at any time before the commencement of the action, and that relying upon the permission of the then owners of said land, the builders of the mill and dam, from whom the defendants derive title, expended large sums of money, to-wit, &c., in the erection of the mill and dam, of all which the plaintiff had notice before he purchased the lands, wherefore the plaintiff ought to be estopped.

*Held,* that the paragraphs were sufficient on demurrer.

PAROL LICENSE.—ESTOPPEL.—Where a parol license is given, upon the faith of which money is expended by the licensee, the licensor will be held estopped from revoking the license, unless the licensee can be placed in *statu quo.*

SUPREME COURT.—ABSTRACT.—Where it was assigned for error that the court below had erred in admitting certain evidence and in refusing other evidence, the Supreme Court refused to regard the assignment, on

account of a non-compliance by the appellant with rule ten, by presenting the evidence so admitted and refused.

LICENSE.—REVOCATION.—At the trial, the court charged the jury that it must be made to appear that the licensee had notice of the death or transfer by which the license was revoked, and that if the licensee, before notice of the revocation, had expended money and made improvements, he would be protected in the same manner as if the owner had still lived and owned the land, and that, in the case on trial, the burden of proof was on the plaintiff, not only to prove the death or transfer of the licensor, but that before the defendants expended money they had notice thereof.
*Held,* that the instruction was erroneous.

MILL DAM.—LIMITATION.—The court, in directing the attention of the jury to the evidence under the plea of adverse and continuous enjoyment for twenty years, having instructed the jury correctly that "continuously" did not mean that the water should have been flowed on plaintiff's land every day or every month for twenty years, and that the suspension of the flowing during low water, or while making repairs, or changing the mill and dam from one location to another, by the defendants or those under whom they claimed title, would not be such an interruption to the continuity of the user or enjoyment as to affect their rights, was held to have. erred in refusing to give the following instruction: "Under a claim of right to maintain a mill dam which overflows the land of another, if such right is based upon prescription, the use and enjoyment of what is claimed must be shown to have been adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the estate in, over or out of which the easement prescribed for is claimed, and while such owner was able in law to assert and enforce his right, and to resist such adverse claim, if not well founded. The right must be shown to have been hostile in its inception, and to have so continued, notoriously and uninterruptedly. If in its origin any such right of easement by prescription is based upon permission asked by one party and granted by the other, it cannot be maintained, because an adverse right of easement cannot grow out of a mere permissive enjoyment or verbal consent."

APPEAL from the *Orange* Circuit Court.

GREGORY, J.—This case is now in this court for the third time. 17 Ind. 58; 22 *id.* 104. The action is for the wrongful flowage of the water of *Lost* river over the land of the appellant by the erection of a mill dam.

The answer of the defendants consists of four paragraphs. 1. The general denial. 2. A proceeding under a writ of *ad quod damnum.* 3. That the defendants, and those from and

under whom they claim and derive title, for more than twenty years next before the commencement of this action, had adversely and continuously enjoyed and used as their own, under claim of right, the right to flow the water back upon the lands named in the complaint to the full extent to which it has been used by them. 4. That before the plaintiff became the owner of the land in the complaint mentioned, and while the then owners had it in possession and under their control, they gave to those from and under whom the defendants claim and derive title, the right to erect and maintain the dam in the complaint mentioned, of the same height it now is, and was at any time before the commencement of this action, and relying upon the permission of the then owners of the land in the complaint described, the builders of the mill and dam, from whom the defendants derive title, expended large sums of money, to-wit, the sum of $5,000, in the erection of the mill and dam, of all which the plaintiff had notice before he purchased the lands, wherefore the plaintiff ought to be estopped. The plaintiff demurred to the third and fourth paragraphs of the answer. The demurrers were overruled, and this is assigned for error.

It is urged that the third paragraph is not sufficiently specific; that it does not show that the possession was hostile in its inception, nor that it was peaceable, open and continuous, and that it fails to show the extent of the right claimed. We think the paragraph is good, and that the court below committed no error in overruling the demurrer thereto. The last sentence of the paragraph can be rejected as surplusage, and leave it within the rules of pleading as to pleas in bar, certain to a common intent.

The fourth paragraph of the answer presents a much more difficult question, and if it was a new and an open one in this State, we should have great difficulty in coming to a determination. After much consideration, and some conflict in the decisions, it seems to be now settled in *Eng-*

*land,* that an easement cannot be created by a parol license, although it may be impaired or destroyed thereby. Washburn on Real Prop., Book 1, Ch. 12, § 2, par. 13. But in this, and many of the other states, it has been held that where a parol license is given, upon the faith of which money is expended by the licensee, the licensor will be estopped from revoking the license, unless the licensee can be placed in *statu quo.* In *Foster* v. *Browning,* 4 R. I. 47, AMES, C. J., remarks, that "in *Maine, New Hampshire, Pennsylvania* and *Ohio,* and perhaps in some other states, the exploded doctrine of some of the earlier *English* cases is still maintained at law, upon the equitable grounds of estoppel and part performance of a parol contract," and intimates that a court with full equity powers, in some of those cases, would give relief where the same could not be had at common law. In *Pennsylvania,* where the distinction between law and equity is disregarded, it has long been held that an executed license, where the licensee has incurred expense, as in erecting a dam upon the licensor's land to operate a mill erected on his own, and the like, is not revocable. *Rerick* v. *Kern,* 14 Serg. & R., 267; *Wheatley* v. *Chrisman,* 24 Penn. St. 298; *Strickler* v. *Todd,* 10 Serg. & R. 63; *Lacy* v. *Arnett,* 33 Penn. St. 169; *Campbell* v. *McCoy,* 31 *id.* 263; *Swartz* v. *Swartz,* 4 *id.* 358. In view of the authorities, we are not inclined to overrule *Snowden et al.* v. *Wilas et al.,* 19 Ind. 10. The distinction between law and equity is abolished by the code. It is further urged that this paragraph is bad for uncertainty. It may be that the court would, on motion, compel the appellees to make their pleading more certain, but we think the paragraph is good on demurrer.

The remaining inquiry to be disposed of is, did the court below err in overruling the motion for a new trial?

It is urged that the court erred in admitting and in refusing to admit evidence on the trial. But these questions are not presented in a manner to avail the appellant. Rule 10 of this court is not complied with, either in the abstract or the brief, by presenting the evidence offered or that rejected.

The court, over the objection of the appellant, instructed the jury as follows: "But it must be made to appear that the licensee had notice of the death or transfer by which the license was revoked. If the licensee, before notice of revocation by death or transfer, had expended money and made improvements, he would be protected in the same, as if the owner had still lived and owned the land; and in this case, the burden of proof is on the plaintiff not only to prove the death or transfer of the licensor, but that before defendants expended money they had notice thereof." This is not the law. In *Wallis* v. *Harrison et al.*, 4 M. & W. 538, it was held that a parol license from A to B to enjoy an easement over A's land was countermandable at any time while it remained executory, and if A conveyed the land to another, the license was determined at once, without notice to B of the transfer, and B was liable in trespass if he afterwards entered upon the land.

The appellant asked the court to charge the jury as follows:

"9. Under a claim of right to maintain a mill-dam which overflows the land of another, if such right is based upon prescription, the use and enjoyment of what is claimed must be shown to have been adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the estate in, over, or out of which the easement prescribed for is claimed, and while such owner was able in law to assert and enforce his right, and to resist such adverse claim, if not well founded. The right must be shown to have been hostile in its inception, and so to have continued, notoriously and uninterruptedly.

10. "If in its origin, any such right of easement by prescription is based upon permission asked by one party and granted by the other, it cannot be maintained, because an adverse right of easement cannot grow out of a mere permissive enjoyment or verbal consent."

The court refused to give these instructions, and the appellant excepted, and this is one of the errors of law occurring at

Lane *v.* Miller and Others.

the trial, for which the new trial was asked. The court, we think, had correctly charged the jury, that "continuously does not mean that the water should be flowed on the plaintiff's land every day, or every month, for twenty years. The suspension of the flowing during low water; or while making repairs, or changing the mill and dam from one location to another, by the defendants or those under whom they claim title, would not be such an interruption to the continuity of the user or enjoyment as to affect their rights." With this explanation the instruction asked by the appellant ought to have been given. The tenth instruction asked and refused is clearly the law. The court below erred in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded, with directions to grant a new trial, and for further proceedings.

*J. E. McDonald, A. L. Roache, D. Sheeks, A. J. Simpson, F. Wilson, T. L. Smith, M. C. Kerr* and *J. A. Ghormly,* for appellant.

*J. Collins,* for appellees.