### Ogle et al. v. Dill et al.

**INJUNCTION.**— *Water-Course.*—*Mill-Dam.*— *User.*—*Adverse Possession.*—*Pleading.*—That the defendant and his grantors, for the preceding fifty years, adversely and under a claim of ownership, had continuously enjoyed and used the right to flow the water, of a stream running through the lands of both, back upon the lands of the plaintiff, by means of a mill-dam across such stream, used during such period, is a sufficient answer to a complaint to enjoin the defendant, on the ground that such dam will not be of public utility and will be injurious to the plaintiff, from repairing or rebuilding it when injured or thrown down by high water.

**SAME.**—*License.*—That such use was enjoyed for such period, by the defendant and his grantors, by virtue of a license from the grantors of the plaintiff, and that upon the faith thereof defendant and his grantors had expended large sums of money in erecting such dam, is also a sufficient answer to the complaint in such cause.

**SAME.**—*Insolvency.*—Where, for the reason alleged in such complaint, that, owing to the insolvency of the defendant, an action at law for damages for the erection of such dam would be an inadequate remedy, a temporary restraining order against the defendant is granted, an answer of such use and license renders such allegation of insolvency immaterial, and it need not be denied in such answer.

SAME.—*Temporary · Restraining Order.*—*Dissolution of.*—Where, upon such complaint's being verified by the plaintiff, a temporary order, restraining the defendant from proceeding to rebuild such dam, is granted by the court, on the filing of an answer alleging such adverse possession, use and license, verified by the defendant, and by others who profess to know the facts, but are not parties to the action, an order of such court, during the pendency of such cause, dissolving such temporary restraining order, is not error.

SAME.—*Practice.*—A motion to reinstate a temporary restraining order, which has been dissolved, is, in effect, a motion for a new and different order.

SAME.—*Supreme Court.*—*Appeal.*—*Interlocutory Order.*—The refusal of the circuit court, in term time, or of a judge, in vacation, to grant a temporary restraining order during the pendency of a suit for a perpetual injunction, is not an interlocutory judgment or order from which an appeal lies to the Supreme Court.

From the Hamilton Circuit Court.

*A. F. Shirts* and *G. Shirts,* for appellants.

*W. Garver* and *J. W. Evans,* for appellees.

NIBLACK, J.—This was a proceeding, in the court below, by the appellant, against the appellees. The complaint alleged, that the appellants were the owners in severalty of two contiguous tracts of land, in Hamilton county, through which Stony Creek runs, from east to west, and that the appellees were the owners of other adjoining lands, in said county, lying on the west and the south, through which said stream also runs. That the appellees had prepared to commence, and were proceeding immediately to commence, the construction of a mill-dam on their lands, to the height of six and one-half feet, across said stream, at a designated point, which, if erected to that height, would, at the ordinary tide in said stream, overflow portions of each of the tracts of land so severally owned by the appellants, as above stated. That no damages had been assessed or tendered by the appellees, and that, if said dam should be erected, as proposed, it would cause great damage to the appellants, for which they would have no adequate remedy, as the appellees were insolvent.

The first paragraph of the complaint prayed that the appellees might be temporarily restrained from erecting said dam, until notice of the pendency of the suit could be given. Also, that a writ for the assessment of damages might be issued, and that the appellees might be further enjoined and restrained from the erection of said dam, until the proper damages shall be first assessed and paid.

The second paragraph charged that the proposed dam, when erected, would not be of public utility, and prayed that the appellees might be perpetually enjoined and restrained from erecting the same.

The complaint was duly sworn to, and, having been filed during the early part of the September term, A. D. 1875, of the court below, an injunction, temporarily enjoining and restraining the appellees from proceeding with the erection of the dam, was immediately granted, of which, notice was ordered to be given to the appellees, and the further hearing of the cause was postponed until a later day of the term.

On the day named for such further hearing, the appellees appeared and filed their answer to the appellants' complaint, in two paragraphs.

*First.* That, for about fifty years then last past, there had been erected, at the point named in the complaint, a mill-dam across said Stony Creek. · That, during that time, said dam had been maintained and continued, without interruption, except only for such periods of time as were necessary for rebuilding or repairing the same, or portions thereof. That, by the floods of the summer preceding, a large portion of said dam had been swept away, and that the appellees were then, and for more than a month past had been, engaged in repairing and rebuilding said dam, to the height that it had been maintained for more than twenty years then last past. That the appellees and their grantors, for fifty years then immediately preceding, had adversely and continuously enjoyed and used, as their

own, under a claim of ownership, the right to flow the water in said stream back upon the lands of the appellants, described in their complaint, to the full extent to which it had been used during said period of fifty years, and to the full extent which the appellees propose to flow back said water by the erection and repair of said mill-dam, complained of in the complaint.

*Second.* That, before the appellants became the owners of the lands they claim to own in their complaint, and while their grantors had the same in their possession, and were the absolute owners thereof, they, said grantors, gave to the appellees' grantors and those under whom the appellees claim title, the right to erect and maintain a dam across said Stony Creek, at the precise point indicated in the complaint, of a height sufficient to overflow the appellants' lands, to the extent which, they say, said lands are liable to be overflowed by the dam which the appellees were then seeking to rebuild. That, in consideration of the license and authority thus given, the appellees' grantors did erect a mill-dam, as aforesaid, across said stream, and, relying on the permission and license of the appellants' grantors, as aforesaid, the builders of the dam, from whom the appellees derive title, expended a large sum of money in the erection of said dam and the construction of a mill, mill-race, fixtures and machinery for mill purposes connected therewith, to wit, the sum of fifteen thousand dollars, of all which the appellants had notice, when they purchased the lands which they claim are now liable to be injured by the rebuilding of said dam. That since the erection of said dam, as aforesaid, under the license and authority of the appellants' grantors, the same has been kept up and maintained, to the height to which, it is alleged, the appellees propose to rebuild it, continuously and without interruption, except only for brief intervals necessary for repairs, when injured by sudden floods, until the commencement of this suit. That, by the floods of the summer then immediately pre-

ceding, said dam had been injured and partially destroyed, and that the appellees were, at the time of the commencement of this suit,.engaged in rebuilding and repairing the same, up to its original height, and it was this rebuilding and repairing which constituted the supposed grievances, complained of by the appellants.

The appellees' answer was verified by the affidavits of one of the appellees, and of thirteen other persons of the neighborhood, who claimed to have knowledge of the material facts therein stated.

The appellants demurred to each paragraph of the answer, separately,alleging that neither one of said paragraphs contained facts sufficient to constitute a defence to the action.

The court overruled the demurrer to both paragraphs of the answer, to which the appellants excepted.

The appellees then, upon the facts set forth in their answer, supported by the affidavits of sundry persons, as above stated, moved the court to dissolve the temporary injunction against them, restraining them from proceeding with the erection of said dam. The court sustained the motion and dissolved the injunction, to which the appellants also excepted.

It is from the order of the court dissolving this temporary injunction that the appellants have appealed to this court, and that order is assigned for error here.

The appellants claim that the court erred in dissolving the temporary injunction, because the appellees' answer did not state facts sufficient to constitute a defence to the action; and in this way the question ot the sufficiency of the answer is presented for our consideration.

It is objected that the answer does not either admit or deny many of the specific allegations in the complaint, and particularly the one charging the insolvency of the appellees. Under the issues, however, which are tendered by the appellees in their answer, the question of their solvency or insolvency is an immaterial one. If

they have the absolute right to erect and maintain a dam at the point indicated in the complaint, as they claim they have, then their pecuniary condition ceases to be a matter of any interest to the appellants.

In the case of *Lane* v. *Miller*, 27 Ind. 534, the action was for the wrongful flowing back of water on the lands of the plaintiff, by the erection and maintenance of a mill-dam by the defendants. Two paragraphs of the answer in that cause were, in substance and in form, precisely similar to the two paragraphs of the appellees' answer in this case, and they were held good on demurrer, after a full review of all the authorities to which the attention of this court was directed.

While the action in that case was only for the recovery of damages, we think the principles involved in its defence were equally applicable to the defence in the case at bar, and that the same rules ought to govern in testing the validity of the answers in both cases.

We are of opinion, therefore, that the answer in the case before us was substantially sufficient, and that, being supported, as it was, by the affidavits of a large number of persons, not parties to the suit, the court did not err in dissolving the temporary injunction, thus leaving the parties free to contest the matters in dispute between them, upon the formation of proper issues in the cause.

After the temporary injunction had been dissolved, the appellants moved the court to reinstate it, and, in support of their motion, filed the affidavits of several persons, acquainted with the premises, some of whom were physicians, stating that the erection and maintenance of said dam would constitute a public nuisance, and be injurious to the health of the neighborhood immediately contiguous. The court, however, overruled that motion, to which the appellants also reserved an exception.

The overruling of that motion is also assigned for error in this court.

We must consider the overruling of that motion as the

refusal of the court to grant another temporary injunction in the cause. That is what, in legal effect, it amounted to, as the former injunction had been dissolved, and was, hence, out of existence.

The refusal of the court, in term time, or of a judge, in vacation, to grant a temporary injunction in a cause, during its progress, does not constitute such an interlocutory order as may be appealed from to this court. See 2 R. S. 1876, p. 245, sec. 576. Hence, we can not review such a refusal here.

The order of the court below, dissolving the temporary injunction in this cause, is affirmed, at the costs of the appellants.