OGLE ET AL. *v.* DILL ET AL.

PRACTICE.—*Venire De Novo.*—*Uncertainty in Answers to Interrogatories.*—*Instruction to Jury.*—*Supreme Court.*—A party to an action having requested "the court to submit to the jury" certain interrogatories annexed to such request, and the court having instructed the jury as to the form of their verdict, but without alluding to such interrogatories, the jury

returned a general verdict for the opposite party, and also answers to the interrogatories.

*Held,* on motion for a *venire de novo,* for uncertainty in such answers, that such interrogatories form no part of the record on appeal to the Supreme Court.

*Held,* also, that there was no error in the refusal of the court below to require such answers to be made definite.

*Held,* also, that a *venire de novo* should not be awarded merely because of the failure of the jury to return a definite answer to an interrogatory.

From the Hamilton Circuit Court.

*A. F. Shirts* and *G. Shirts,* for appellants.

*J. W. Evans* and *R. R. Stephenson,* for appellees.

HOWK, J.—The appellants, as plaintiffs, sued the appellees, as defendants, in this action, in a complaint of three paragraphs.

In each of the said paragraphs the appellants alleged, that they were severally the resident owners of adjoining quarter sections of land in Hamilton county, Indiana, particularly described therein, through which there flowed, from east to west, a stream called Stony Creek; that the appellees Dill and Dill were the owners of real estate in said county, adjoining the lands of the appellant Ogle on the south and south-west, into and through which real estate said stream also flowed; and that the appellees had erected across said Stony Creek a mill-dam, particularly described therein.

In each of said paragraphs there were other averments, which we need not especially notice in this opinion, as the sufficiency of neither of the paragraphs of the complaint is called in question in this court.

In the first paragraph of their complaint, the appellants prayed, that "a writ for the assessment of damages caused by the construction of said dam" might be issued according to law, and the proper proceedings taken, and that, on final hearing, the appellees Dill and Dill might be required to pay the appellants the damages found in their favor, and for other proper relief.

In the second paragraph, the appellants demanded

judgment for six thousand dollars damages, and that the height of the dam might be reduced, etc.

And in the third paragraph, the appellants demanded judgment against the appellees Dill and Dill for two thousand dollars damages, that said mill-dam be abated, and for other proper relief.

To the appellants' complaint, the appellees Dill and Dill jointly answered in two paragraphs, which said paragraphs are set out, in substance, in the case of *Ogle* v. *Dill*, 55 Ind. 130, between the same parties, and need not be here repeated.

For a third paragraph of their answer, the appellees Dill and Dill subsequently filed a general denial.

To each of the first and second paragraphs of said answer, the appellants demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrers were severally overruled, and to each of these decisions the appellants excepted. The appellants then replied by a general denial to said first and second paragraphs of answer.

The issues joined were tried by a jury, and a general verdict was returned for the appellees. With their general verdict, the jury also returned their special findings as to particular questions of fact, submitted to them by the parties under the direction of the court.

The appellants moved the court in writing for a new trial of this cause, which motion was overruled, and to this decision they excepted. The appellants' written motion for a *venire de novo* was also overruled, and they excepted to this decision.

Judgment was then rendered on the verdict, in favor of the appellees, from which judgment this appeal is now prosecuted.

The following alleged errors of the court below are assigned by the appellants in this court:

1. The overruling of their demurrers to the first and

second paragraphs of the answer of the appellees Dill and Dill;

2. The overruling of their motion for a new trial; and,

3. The overruling of their motion for a *venire de novo.*

We will consider and decide the questions presented by these alleged errors in the order of their assignment.

1. The sufficiency of the first and second paragraphs of the answer of the appellees Dill and Dill was considered by this court in *Ogle* v. *Dill, supra,* when this cause was before us on an appeal from an order of the court below, dissolving a temporary restraining order. It was then held, upon the authority of *Lane* v. *Miller,* 27 Ind. 534, that these paragraphs of answer were sufficient, upon demurrer thereto, upon the same ground of objection; and we know of no reason why we should not adhere to that decision. It is conceded by the appellants' counsel, as we understand them, that these paragraphs of answer constituted a good defence to the cause of action stated in the second paragraph of the appellants' complaint; but they claim, that neither of the said paragraphs of answer was a good defence to either the first or third paragraphs of said complaint. In this view of the case, however, it seems to us that counsel are mistaken. In our opinion, the facts stated in said two paragraphs of answer were sufficient, if true, to constitute a full and complete defence to the alleged cause of action, stated in either paragraph of the appellants' complaint; and therefore we hold, that their demurrers were properly overruled.

2. In discussing the alleged error of the court, in overruling their motion for a new trial, the appellants' attorneys have alluded to the fourth cause assigned for such new trial, and none other, in their argument of this action in this court. This fourth cause for a new trial was as follows:

"4th. For error of law, committed by the court on the trial of said cause, in giving to the jury instructions num-

bered one, two and three, asked by the defendants, over. the objections of the plaintiffs."

The argument of the appellants' counsel, in connection with these instructions, is wholly hypothetical. All that, they say in this connection is comprised in this short sentence: "If we are correct in our argument upon the demurrers to the answers, then these instructions are clearly bad." The negative of this proposition must also be true; and, as they were not correct, as we have seen, in their, argument upon the demurrers to the answers, it must follow, that the instructions complained of by the appellants' counsel were clearly good. We need not set out these instructions in this opinion. The substance of the instructions was, that, if the jury found from the evidence, that the appellees and those under whom they claimed title, for twenty years or more before the commencement of this action, had and held, and exercised and enjoyed, the right to erect and maintain the milldam, of the same or greater height than the one then in controversy, and that, during all said time, the appellants and their grantors had the legal right and capacity to prevent the overflow of their said lands, and failed so to do, then their finding should be for the appellees. The appellants' attorneys have failed to point out any objections to these instructions; and it seems to us, that they contain a fair statement of the law applicable to the issues and the evidence in the cause, and were as favorable to the appellants as they could reasonably ask for. *Postlethwaite* v. *Payne,* 8 Ind. 104; *Snowden* v. *Wilas,* 19 Ind. 10; and *Lane* v. *Miller, supra.*

3. The third error, assigned by the appellants, is the overruling of their motion for a *venire de novo.* This motion was in writing, and the reasons assigned therein, for the issue of said writ, were as follows:

"1st. That the answers of the jury to the interrogatories numbered 1, 2, 4, 5, 10, 11 and 13, as asked by the

plaintiffs in said cause, are too vague, uncertain and in-definite; and,

" 2d. That the said special findings of said jury, as the same were answered by said jury do not cover and embrace all the issues in said cause."

The answers of the jury, to the most of these interrogatories were to the effect that the matters inquired about were not shown by the testimony. When the jury returned their general verdict, with the interrogatories and their answers thereto, it appears from the record, that the appellants " moved the court to direct said jury to retire to their room and render specific and full answers" to said interrogatories 1, 2, 4, 5, 10, 11 and 13, " and that said jury be instructed to answer said 13th interrogatory by yes or no"; which motion the court overruled and discharged the jury, over the appellants' objections, upon the ground that said interrogatories were not fully and definitely answered, to which action of the court the appellants excepted.

It is claimed by the appellees' counsel, in argument, that the interrogatories to the jury " are not properly a part of the record in this cause," and that " the jury were not bound to answer them, when they concluded or elected to find a general verdict." It seems to us, that this position of counsel is well taken, and that the appellants can not complain of the alleged erroneous action of the court below in this regard.

In section 336 of the practice act, it is provided, that, " in all cases, when requested by either party," the court shall instruct the jury, " if they render a general verdict, to find specially upon particular questions of fact to be stated in writing." 2 R. S. 1876, p. 171.

The appellants' interrogatories, after giving the title of the cause, were prefaced as follows : " The plaintiffs in the above entitled cause request the court to submit to the jury the following interrogatories."

The instructions of the court to the jury are properly in

the record. It appears therefrom, that the court instructed the jury, fully and explicitly, as to the form of their verdict; but there is nothing in the record to indicate either that the appellants requested the court to instruct, or that the court of its own motion did instruct, the jury in this case, if they rendered a general verdict, to find specially upon the particular questions of fact stated in writing by the appellants.

In this state of the record, it seems to us that the appellants' interrogatories were not properly submitted by the court to the jury, and did not, for this reason, become a part of the record of this action. Therefore, the court did not err in its refusal to direct the jury, after the return of their verdict, to retire to their room, and render specific and full answers to the appellants' interrogatories. It has been often held by this court, that it was not error to refuse to submit to a jury an interrogatory, at the request of a party, where the request is absolute and unconditional and not in the event that they find a general verdict. *Hodgson* v. *Jeffries*, 52 Ind. 334.

It would seem to follow, that, in such a case, the party would be in no condition to complain of the action of the court in refusing to require the jury, after verdict, to render a full and explicit answer to such interrogatory.

In this case there can be no doubt but that the general verdict of the jury fully disposed of the issues, and authorized a final judgment.

In such a case, it was held by this court, and we think correctly, that a *venire de novo* ought not to be awarded because of the failure of the jury to return a definite answer to an interrogatory. *McElfresh* v. *Guard*, 32 Ind. 408.

So that, in any event, it seems clear to us that no error was committed by the court in overruling the appellants' motion for a *venire de novo*.

The judgment is affirmed, at the appellants' costs.