THE BALTIMORE, PITTSBURGH, AND CHICAGO R. R. COMPANY *v.* HIGHLAND.

RAILROAD.—*Waiver.*—*Vendor and Purchaser.*—*Injunction.*—When a landowner enters into a written contract with a railroad company to sell and, within a specified time, to convey to such company a strip of ground for her road bed, and gives possession to the purchaser, who thereupon proceeds to construct her road through such land, the vendor can not enjoin the use and possession thereof by the railroad company, when the latter is not in default in performing the terms of the contract. By the agreement to sell and convey, the seller waives his constitutional right to have his damages assessed and tendered before possession can be taken by the railroad company.

From the Porter Circuit Court.

*S. I. Anthony, F. Church, A. Gurney,* and *S. E. Perkins, Jr.,* for appellant.

BUSKIRK, C. J.—This was a proceeding by the appellee against the appellant, to obtain an injunction restraining the appellant from retaining the possession of, and constructing its road over and across, certain described land.

The case made in the pleadings and by the evidence was this:

The appellee, on the 18th day of August, 1873, was the absolute owner and in possession of the premises described in the complaint. On that day, the appellee and the appellant entered into a written agreement, whereby the appellee, for and in consideration of the sum of two hundred dollars, to be paid in thirty days therefrom, and the benefits to accrue to him, agreed to sell to the appellant a strip of land one hundred feet wide, extending entirely through said tract of land, for a road bed; that the said appellee placed the appellant in possession of said strip of ground; that the appellant immediately thereafter took possession and removed therefrom the timber, and constructed a road bed; that the appellee, by said agreement, was required to execute and deliver to the appellant, within thirty days, a deed for said strip of ground, but had failed to do so; that the appellant was ready and willing to pay the appellee the said sum of two hundred dollars whenever the deed was tendered for such strip of ground.

There was no pretence that the appellant violated the agreement in any particular, except, in two places, the workmen in the construction of such road bed had constructed the same about one foot outside of said strip of ground, but this seems to have resulted from mistake and not by design.

The court below rendered a final decree, enjoining the appellant from retaining the possession of, or using or occupying, the said strip of ground for the completion of said road bed, or from entering upon the said premises for any purpose connected with the construction or operation of said railroad.

Had the appellee chosen to stand upon his constitutional rights, the appellant could not have acquired any interest in or right of possession to his said land, until his damages had been first assessed and tendered, but when he consented that the appellant should take possession and construct its road on the terms and conditions specified in said written agreement, he waived his constitutional protection and must abide by his contract until there has been a breach of the conditions on the part of the appellant. When the appellee agreed to convey the right of way for the compensation agreed upon, he waived his constitutional protection, and he is in no better condition than if he had agreed to convey to a private individual. Cooley Const. Lim. 561 ; 1 Redf. Railw. 389.

There was no rescission of the contract or demand of possession before the bringing of this action. There was no breach of the conditions of the contract on the part of the appellant. The injunction was improperly granted.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to dissolve the injunction and sustain the demurrer to the complaint.