BELL
v.
ELLIOTT.

*Friday,*
*May* 24.

---

## BELL v. ELLIOTT.

Trespass on the case against *A.* for erecting a mill-dam upon his premises, which caused the plaintiff's land to be overflowed. *Held,* that a license so to overflow the plaintiff's land could not be presumed to have been granted by him to the defendant, from the circumstance that the plaintiff had not objected to the building of the dam, and had gratuitously assisted in its erection, if he did not then know or could not have foreseen the injury complained of:

ERROR to the *Union* Circuit Court.

BLACKFORD, J.—This was an action on the case brought by *Elliott* against *Bell.*

*Friday,*
*May* 24.

The declaration states that a stream of water runs through the adjacent lands of the parties ; and that on the defendant's land, which is below that of the plaintiff's, the defendant had erected a mill-dam, which caused the water to overflow the plaintiff's land, to his damage, &c.

Pleas, 1st, not guilty ; 2ndly, a license by the plaintiff. Replication in denial of the license. Verdict and judgment for the plaintiff.

It was proved on the trial, *inter alia,* that the dam was about eighty rods below the plaintiff's land ; that the plaintiff had gratuitously, as a neighbour, assisted in erecting the dam ; and that the mill was a public benefit.

The Court charged the jury, that if they believed from the testimony that the plaintiff made no objection to the erection of the dam, and assisted in erecting it with a view to his own benefit,—still if the jury believed that the plain-

May Term,
1839.

BELL
v.
ELLIOTT.

tiff did not know, or could not have foreseen, that the dam would cause his land to be overflowed, they could not presume a license from the circumstances stated.

It is contended by the plaintiff, that even if there were an express parol license, it would be no justification for the defendant. We think, however, that in this he is mistaken. It is true, that the right to flow water over the land of another is an incorporeal hereditament, and that the defendant claimed in it a freehold estate. It is also true, that such an interest in an incorporeal hereditament can only be granted by deed. *Hewlins* v. *Shippan*, 5 Barn. & Cress. 221. But the defence to this action, which is for a tort, does not depend exclusively upon the defendant's showing that the easement has been legally granted to him. If he had nothing but a parol permission to enjoy it, and that permission could be at any time countermanded, still he was not liable to be treated as a wrongdoer until the license was revoked.

The question to be determined is, whether it was necessary to the defence, under the circumstances, for the jury to be satisfied that the plaintiff knew, when he saw the dam progressing and assisted in making it, that it would cause the water to overflow his land ?

It appears to us, that without the proof of that knowledge, the defence could not be sustained. If the plaintiff had given an express and legal license to the defendant to build the dam, that would have been, in effect, a license to overflow the land ; because such would have been the plain object of the license ; and it could not have had any other object. But the circumstance that the plaintiff did not object to the building of the dam, and assisted in building it, is no evidence of itself that he consented to waive any injury which the dam might afterwards occasion to his land. If he had no knowledge that the dam would cause his land to be overflowed, his conduct can be readily accounted for, without supposing that he intended by it to give a license for the unforeseen injury. Unless he knew that the dam would cause an injury to his property, it was not his duty to object to it, nor could it be expected that he would do so.

For these reasons we are of opinion, that the instruction excepted to is unobjectionable.

*Per Curiam.*—The judgment is affirmed with costs.
*C. H. Test,* for the plaintiff.
*J. Perry,* for the defendant.