Nov. Term, 1850.

GRONENDYKE
v.
CRAMER.

---

GRONENDYKE *v.* CRAMER.

Trespass *quare clausum fregit*. The defendant pleaded that the plaintiff had granted to *S.*, for a valuable consideration, the quiet possession of a certain ten acre lot of ground for his, *S.'s*, life, which lot was part of the plaintiff's farm and which is described in the declaration; that *S.* was permitted, by the contract, to take from the orchard on said farm all the fruit he should desire *for his own use*, and had the privilege of taking sufficient fire-wood from said premises *for his own use;* that *S.* had leased said lot to the defendant with his rights, privileges, and appurtenances thereunto belonging; that the defendant, by virtue of said lease, entered the plaintiff's close, out of the bounds of the said lot, and took the apples and fire-wood mentioned in the declaration. *Held,* that the plea was bad; that the agreement was a personal one and did not pass to the defendant under his lease.

APPEAL from the *Fayette* Circuit Court.

BLACKFORD, J.—*Gronendyke* brought an action of trespass *quare clausum fregit* against *Cramer*. The following is the substance of the declaration: That, on, &c., the plaintiff being the owner and in possession of a certain quarter section of land (describing it), the defendant, at, &c., with force and arms, broke and entered the said close of the plaintiff, and threw down the fences of the plaintiff, and cut down the wood and timber of the plaintiff, and took and carried away ten bushels of apples, to the plaintiff's damage, &c.

Nov. Term,
1850.

GRONENDYKE
v.
CRAMER.

*Wednesday,*
*December 4.*

There were four pleas. The first three led to issues of fact. The fourth is, in substance, as follows:

That the plaintiff, for a valuable consideration, agreed to permit one *Adam Smelsor* to take from the orchard on his, the plaintiff's farm, all the fruit he should desire *for his own use*, and also to permit said *Adam* to take, from said farm, sufficient rail-timber to keep in good repair the homestead of ten acres of the farm, which ten acres were then occupied by said *Adam*, and of which homestead the said *Adam* was to have quiet and peaceable possession during his life. And the said *Adam* was to have the privilege of taking sufficient fire-wood from said premises *for his own use*. This plea also states, that said *Adam* became seized and possessed of said close of ten acres, being parcel of the close in the declaration mentioned, together with the rights and privileges appertaining to said ten acre close; that said *Adam* being possessed thereof, afterwards, to-wit, in 1847, leased to the defendant the said ten acre close, with his rights, privileges, and appurtenances thereunto belonging, and put him into peaceable possession as aforesaid; that, by virtue of his tenancy aforesaid, he, the defendant, did the several acts and things, by the plaintiff complained of, on said premises other than said ten acre close, in procuring his fire-wood and apples contemplated by his said lease from said *Adam*, as he lawfully might for the cause aforesaid, doing no unnecessary damage; and that these were the

Nov. Term, 1850.

GRONENDYKE
v.
CRAMER.

supposed trespass complained of. This plea concludes with a verification.

General demurrer to this fourth plea, the demurrer overruled, and final judgment for the plaintiff.

According to this plea, the plaintiff had granted, for a valuable consideration, to *Smelsor*, the quiet possession of a certain ten acre lot of ground, for his, *Smelsor's* life, which lot was part of the quarter section of land constituting the plaintiff's farm, and which quarter section is described in the declaration. *Smelsor* was permitted, by the contract, to take from the orchard, on said farm, all the fruit he should desire *for his own use*, and had the privilege of taking sufficient fire-wood from said premises *for his own use*. *Smelsor* leased said ten acre lot to the defendant, with his, *Smelsor's*, rights, privileges, and appurtenances thereunto belonging. And the defendant, by virtue of that lease, entered the plaintiff's said close, out of the bounds of said ten acre lot, and took the apples and fire-wood mentioned in the declaration.

The only question presented by this plea is, whether the agreement that *Smelsor* might take said apples and fire-wood, was to be for his benefit alone, or whether it ran with the land. We think that that agreement was a personal one, and did not pass to the defendant under his lease. The plaintiff had the power, of course, to limit the privilege to the grantee alone; and it appears to us that he has done so in this case, by giving him the right to take the fruit and fire-wood *for his own use*.

The most favorable case for the defendant that we have seen is *Jourdain* v. *Wilson*, 4 Barn. & Ald. 266. The lessor's covenant there was as follows: " And the said *William Inwood*, the landlord, for himself, his executors, &c., doth covenant, promise, and agree, to and with the said lessee, his executors, &c., to supply the said two messuages or tenements and premises with a sufficient quantity of good water, at the rate of three guineas per annum for each house."

It was held that that covenant ran with the land, and,

therefore, that the assignee of the lessee could sue the lessor for a breach thereof. That case, however, is distinguishable from the one now before us. In the case cited, the messuages and tenements demised were to be supplied with sufficient water for the tenants whoever they might be. But not so here. The fruit and fire-wood were to be furnished only for the *grantee's own use*, not for the use of any other person.

We are therefore of opinion that the fourth plea is bad, and that the demurrer should have been sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c. Costs here.

*C. H. Test* and *J. Perry*, for the appellant.

*S. W. Parker*, for the appellee.