Snowden and Others *v.* Wilas and Others.

*Per Curiam.*—The judgment below is affirmed, with costs.

---

SNOWDEN and Others *v.* WILAS and Others.

Uncertainty may be the ground of a motion to compel a party to make his pleading more certain, but not a ground of demurrer, unless the pleading be so uncertain as not to state intelligibly a substantially good cause of action or defense.

A license to enter upon and occupy land for any purpose must be specially pleaded, both at common law and under the code, or the same can not be given in evidence without consent, and such consent will not be presumed.

The right in one to overflow the land of another is an easement, and it is an interest in real estate, and title to such easement must be conveyed by grant, and established by proof of actual grant, or of prescription, from which a grant will be inferred.

If a license to do an act upon the land of another do not involve an

interest in real estate, or necessarily amount to an easement, it may be given by parol, and if coupled with an interest, or if it be upon a consideration, it can not be revoked.

*especially See p. 13*

In equity, the future enjoyment of an executed parol license, granted upon a consideration, or upon the faith of which money has been expended, will be enforced, at least, where adequate compensation in damages could not be obtained.

And in such cases, grantees as well as the original parties, are bound, where they purchase with notice, and in the case of a mill-dam, the existing condition of things might be notice to them of the equity.

*Quere.* Whether the present statute on the subject of assessment of damages for property taken or injured for public use, (which includes public works and mill-dams,) does not limit the mode of redress for injury done by the erection of a mill-dam to that provided in the statute?

APPEAL from the *Huntington* Circuit Court.

PERKINS, J.—This was a suit by *Wilas and Others* against *Snowden and Others*, to recover for damage done by overflowing land by means of a mill-dam.

The defendants demurred to the complaint for uncertainty. The demurrer was overruled.

Uncertainty is not a ground of demurrer under the code; but is a ground for a motion to compel the plaintiff to make his pleading more certain. Nevertheless, if a pleading be so uncertain as not to state intelligibly a substantially good cause of action or defense, it will be subject to demurrer, for not stating a cause of action or defense.

In the case at bar, we think the complaint was subject to a motion for uncertainty, in not describing with sufficient particularity the given piece of land overflowed, but that it was not so uncertain as to be subject to a demurrer for not stating intelligibly a cause of action.

On the overruling of the demurrer, the defendants answered.

The answer contained the general denial, and a special paragraph as follows:

The defendants admit the erection of the dam, etc., but say that it was erected by *Daniel Frenderburg*, in connection with a flouring-mill, the two costing thirteen thousand dollars; that before said *Frenderburg* erected the dam and mill, he applied to *Moses Wilas*, the then owner of the land overflowed, the land now owned by the plaintiffs, for license to erect said mill and dam; that Wilas gave the license by parol, and upon the consideration of fifty dollars in cash paid, and the fact that the mill would be an advantage to him, as well as to the whole neighborhood in which he lived; that the hight of the dam was specified, being the exact hight of that built and maintained; that since the dam and mill had been erected, *Frenderburg* had sold and conveyed the same to the defendants; and the plaintiffs had obtained title from *Wilas* to the land overflowed.

The defendants prayed that their right to maintain the dam at its present hight might be established, etc.

The Court sustained a demurrer on this paragraph of the answer; the cause was tried upon the general denial, and the plaintiffs obtained judgment for a portion over seventy dollars.

It is insisted by the appellees, that this Court should not examine the question arising upon the ruling of the Court below in sustaining the demurrer, because, they say, the entire merits of the action may have been tried upon the general denial; but in this they are mistaken. Leave and license must, under the code, as well as common law, be specially pleaded, to be admissible in evidence, unless by consent. Consent will not be presumed, in the absence of all facts tending to show it. See 7 Blackf. 108, 373.

We come, then, to the question, Did the special paragraph of the answer contain facts constituting a bar to the action? The right in one to overflow the land of another is an

easement, an incorporeal hereditament, and it is an interest in real estate. Title to such easement is conveyed by grant, and established by proof of an actual grant, or by proof of prescription, from which a grant will be inferred. And if the mode of proof adopted be the showing of an actual grant, the grant must, at least, under the statute of frauds, be in writing, be by deed. This is the general rule in Courts of law. *Moore* v. *Sinks,* 2 Ind. 257. *Bell* v. *Elliott,* 5 Blackf. 113. See 8 Ind. 104, 387.

License, it may here be observed, to do an act upon the land of another, does not necessarily involve an interest in real estate, does not necessarily amount to an easement, and, when it does not, it may be given by parol, and if coupled with an interest, especially if it be upon a consideration, it can not be revoked. If one gives another license to go upon his land to shoot a single squirrel then existing and pointed out, that does not create an easement, and may be given by parol; and if the license go further, and include the right to take away, as the property of the licensee, the squirrel when shot, it is coupled with an interest; and, if given upon a consideration, at all events, it can not be, at mere volition, revoked. But the right, in perpetuity, to one to hunt game upon a given tract of land of another, would be an easement, would involve an interest in real estate, and might be revocable, under certain circumstances, if not under all, if given by parol. And further, it may be remarked, licenses, whether revocable or not, excuse the licensee while acting under them, before revocation, and protect him from suits for acts done within the license. *Bell* v. *Elliott, supra. Miller* v. *The Auburn, etc. Co.,* 6 Hill (N. Y.) Rep. 61. *Pierrpont* v. *Barnard,* 2 Selden Rep. 279. Licenses can not be revoked as to acts performed under them. The revocation is prospective, not retrospective. *Wallis* v. *Harrison,* 4 M. & W. 538.

Parol revocable licenses, it seems, also, are personal, can

not be assigned, and are determined without notice to the licensee, by a conveyance of the property upon which they are to be executed. *Ruffy* v. *Henderson*, 8 Eng. L. & E. Rep. 305. 2 Am. L. Cas. 680. *Gronendyke* v. *Cramer*, 2 Ind. 382. Such are the principles which govern in Courts of law.

But though a parol license, amounting in terms to an easement, is revocable, as to future enjoyment, at law, and is determined by a conveyance of the estate upon which it was to be enjoyed, this is not the rule, in all cases, in Courts of equity. In these Courts, the future enjoyment of an executed parol license, granted upon a consideration, or upon the faith of which money has been expended, will be enforced, at all events, where adequate compensation in damages could not be obtained. This will be done upon the two grounds of estoppel on account of fraud, and specific performance of a partly executed contract to prevent fraud. And in those States of the Union where law and equity are administered in the same Court, relief is afforded in any given suit where the pleadings present the necessary averments. And grantees, as well as the original parties, are bound, where they purchase with notice, and in a mill and dam, the existing condition of things might be notice to them of the equity. *Foster* v. *Browning*, 4 R. I. Rep. 47. *Long* v. *Arnett*, 33 Penn. St. Rep. 169. *McKellip* v. *McWheny*, 4 Watts, 317. *Herick* v. *Kerr*, 2 Am. Leading Cases, 676. Ang. on Wat. 359. Browne on the Statute of Frauds, p. 32. 3 Kent Comm. 452, *et seq.* See *Kepley* v. *Taylor*, 1 Blackf. by P. & D. 412. Within these authorities, the second paragraph of the answer in this cause was good.

Another question we suggest, but do not decide.

When statutes authorize land to be taken for public use, as for railroads and canals, etc., and provide a form of remedy, that form must be adopted by the injured party. *The Lafayette, etc., Co.* v. *The New Albany, etc., Co.*, 13 Ind. 90.

The taking of property for mill-dams is taking it for public use. *Hawkins* v. *Lawrence,* 8 Blackf. 266.

The present statute of Indiana on the subject of assessment of damages for property taken or injured for public use, includes public works and mill-dams, and gives to the party injured, against the party taking or injuring, the right of redress in the mode prescribed by the statute. 2 G. & H. p. 312, Subdiv. Ninth; p. 316, Sec. 710. Why, then, is not a person, whose land is injured by a mill-dam, not limited to the statutory mode of redress?

*Per Curiam.*—The judgment below is reversed, with costs; cause remanded for further action of the Court below.

*D. O. Daily* and *L. P. Milligan,* for the appellants.

*John R. Coffroth,* for the appellees.