BUCHANAN *v.* THE LOGANSPORT, CRAWFORDSVILLE AND SOUTH-WESTERN R. W. CO.

No. 6662.

PAROL LICENSE.—*Pleading.—Real Estate. Action to Recover.—Description of Land in Answer.—Railroad.*—An answer, in an action to recover real estate, alleged that the defendant, a railway company, was granted a license by the plaintiff to construct and operate a railway upon such real estate, under an agreement that the damages thereto would thereafter be settled, and that, acting upon such license, the defendant constructed a railway thereon, and expended large sums of money, of which the defendant had knowledge.

*Held,* that said answer is sufficient on demurrer

*Held,* also, that it was not necessary to allege, to what officer or agent of the company such license was given.

*Held,* also, that the phrase in such answer, "said lands of the plaintiff," sufficiently described the land covered by the license.

SAME.—*Revocation.*—The rule that a naked parol license may be revoked does not extend to cases where the licensee, relying upon the grant, has,

Buchanan v. The Logansport, Crawfordsville and Southwestern R. W. Co.

with the knowledge of the licensor, expended large sums of money. In such a case, the licensor has no right to revoke such license.

SAME.—*Trespass.*—Acts done under a parol license, prior to a revocation thereof, do not constitute trespass.

SAME.—*Licensee, Rights of.*—Where a licensee has a right to the possession of land for a specified purpose, and commits no act which his license does not cover, the owner thereof can not destroy such right.

PRACTICE.—*Plea in Abatement not Verified.—Demurrer.*—Want of verification to a plea in abatement can not be reached by demurrer.

APPEAL.—*Pendency of.—Judgment.*—The fact that a defendant has appealed from a judgment does not warrant the plaintiff in instituting another action, pending the appeal, upon the same cause of action as that upon which such judgment was based.

From the Montgomery Circuit Court.

*J. Buchanan* and *C. D. Whitehead,* for appellant.

*R. B. F. Peirce,* for appellee.

ELLIOTT, J.—The questions in this case arise upon the demurrers addressed by the appellant to the answer of appellee.

The appellant's complaint was in three paragraphs:

The first is an ordinary complaint for the recovery of real estate; the second alleges that the defendant forcibly trespassed upon appellant's land; the third alleges title in the plaintiff and asks that it may be quieted.

The second paragraph of appellee's answer alleges, that the defendant was granted leave and license to enter upon the land in controversy and to construct and operate thereon a railway; that the parties agreed that the matter of damages should be settled by an agreement to be made at some future time; that, acting upon the grant made by the plaintiff, the defendant did construct a railway upon said land, and expend large sums of money, and that the plaintiff had full knowledge of such expenditure.

We think this answer good. The plaintiff, having granted the defendant license to enter upon the land, for the purpose of constructing a railway over it, and having knowledge that the defendant, acting on the faith of the

license granted, had expended large sums of money, had no right to revoke the license which had authorized the entry upon the land and induced the expenditure of the money. The rule, that a naked parol license may be revoked, does not extend to cases where the licensee, relying upon the grant, has, with the knowledge of the licensor, expended great sums of money. This doctrine is a sound and salutary one, is well sustained by text-writers and adjudicated cases, and has been often declared and enforced by this court. *Lane* v. *Miller*, 27 Ind. 534; *Miller* v. *The State*, 39 Ind. 267; *Ogle* v. *Dill*, 55 Ind. 130; *Snowden* v. *Wilas*, 19 Ind. 10; *Stephens* v. *Benson*, 19 Ind. 367.

The third paragraph purports to be a partial answer to the second paragraph of the complaint, and alleges that the defendant, with the permission of the plaintiff, did occupy a part of his land with a temporary railway track; that, as soon as the permanent track was constructed upon the line adopted, the temporary track was taken up, and the ground restored to its original condition.

These allegations show that the acts complained of were done under a parol license and before a revocation. It is undoubtedly true, that a naked parol license may be revoked, but it is also true that acts done under it and done prior to a revocation can not constitute an actionable wrong. *Bell* v. *Elliott*, 5 Blackf. 113. Revocations can not have a retroactive effect. *Wallis* v. *Harrison*, 4 M. & W. 538.

It is insisted that the land covered by the license is not sufficiently described; but we think otherwise. The phrase " said lands of the plaintiff" is repeated again and again in the answer, and there can certainly be no doubt as to the land covered by the license under which the defendant claimed to act.

It is urged against all the paragraphs of which we have spoken, that they are bad because of uncertainty, in that

they allege that the license was granted to the president, engineer and other employees of the defendant, without more particularly describing the persons to whom permission was given.

We do not think a more particular description was essential. In any event, the allegation was sufficient to withstand a demurrer; for uncertainty, of the character here complained of, can only be properly reached by motion. There is enough to show, and show very clearly, that the license was granted the defendant, and it was immaterial to which one of its agents the permission was personally given.

The appellant argues that a parol license is not a valid defence to an action to quiet title. The answers, however, show more than a mere naked license; they show a right to the possession, for a specific purpose, of the land in controversy, and, showing this, preclude the plaintiff from destroying that right by securing a decree divesting the licensee of all rights. If the licensee was rightfully in possession, and was justly entitled to enjoy possession for the purpose for which the license was granted, the plaintiff can not maintain any action which would destroy or impair such rights. If the appellee did no more than the license warranted, there was no wrong on its part, and, if no wrong, then no action could be maintained, and the answers very clearly show that there was no act done which the license did not cover.

The appellant assumes that the fifth paragraph of the answer is a plea in abatement, and asserts that the demurrer ought to have been sustained because it is not verified. If the assumption were correct, the conclusion does not follow, for the reason that want of verification is not a defect which can be reached by demurrer. *Turner* v. *Cook*, 36 Ind. 129. The answer, however, is more than a plea in abatement; for it alleges that the plaintiff had, in a

former action, obtained judgment against the defendant, and that from the judgment the defendant had appealed to the Supreme Court. The judgment obtained by the plaintiff fully determined the controversy between the parties, and the appeal did not set aside or annul it. The fact that a defendant has appealed from a judgment does not warrant the plaintiff in instituting another action, pending the appeal, upon the same cause of action as that upon which the judgment was based.

Judgment affirmed.