No. 8827.

## SIMONS *v.* MOREHOUSE ET AL.

PRIVATE WAY.—*Contract.*—*Consideration.*—*Statute of Frauds.*—*License.*—*Revocation.*—*Injunction.*—*Deed.*—*Vendor and Vendee.*—*Notice.*—Three adjoining proprietors, one of whom had theretofore received a cash consideration, on a verbal contract for a private way twenty-five feet wide across his land, from A. who owned land at the terminus of the way, agreed by parol that three of them should give forever, for the use of the four tracts of land, a way twenty feet wide from the lands of A. to a public road, the four to join in making it a good way, which they did, A. releasing fifteen feet of his former way, and the new way was used by all until each conveyed his tract to separate purchasers, with notice, the deeds being in the usual form, without expressly conveying the appurtenant right of way. The grantees of the three proprietors then closed the way, and the grantee of A. sued them, stating the facts.

*Held,* that the complaint was good, and equity would protect A.'s grantee in the easement by injunction.

From the Marshall Circuit Court.

*R. S. Taylor, S. L. Morris* and *A. C. Capron,* for appellant.

*C. H. Reeve, B. Harrison, C. C. Hines* and *W. H. H. Miller,* for appellees.

BICKNELL, C. C.—In this case the court sustained a demurrer to the second paragraph of the complaint as amended. The only question presented by the appellant in his brief is, Do the facts stated in said second paragraph constitute a cause of action? They are substantially as follows:

Morrison and Reilly each owned eighty acres of land.

Reilly's land was bounded on the south by the Plymouth and Inwood road, and lay between that road and Morrison's land, Morrison having no access to the road.    He and Reilly agreed verbally that Morrison and the future owners of his land, for the sum of $25, to be paid by Morrison, should have a private way twenty-five feet wide along the west side of Reilly's land, from Morrison's land to said road, said way to be opened by Morrison and worked by him and such future owners.    Morrison paid the $25, took possession of the strip of land, twenty-five feet wide, and opened up and worked a road there which was continuously used by him as a private way while he owned his eighty acres, until he gave up fifteen feet of it, as hereinafter stated.    While the way was thus in use, Stallard, who owned forty acres adjoining said private way on the west, and Croup and Shaffer, who jointly owned forty acres immediately south of Stallard's land, and also adjoining said private way on the west, desired an outlet to the Plymouth and Inwood road, along the east sides of their lands, and they verbally agreed with Morrison and Reilly that if they would join the west ten feet of said private way with a strip ten feet wide off the east sides of the lands of Stallard and Croup and Shaffer, so as to make a twenty-foot road on the section line from Morrison's land to the Plymouth and Inwood road, and would join them in making it a good, passable road, said road should remain forever for the use of the owners of said four tracts. This agreement was carried into effect, and the twenty-foot road was made by the parties, and was continuously used by them as appurtenant to all of said tracts.    On January 23d, 1877, Morrison sold his land to the plaintiff, and made him a warranty deed therefor in the statutory form.    The deed did not expressly convey the right of way, nor did it expressly mention any appurtenances.    The plaintiff, however, after taking possession of Morrison's eighty acres, used and worked said twenty-foot road until it was closed, as hereinafter stated. Reilly afterwards sold his eighty acres to the defendant Morehouse, who bought with full notice of all the foregoing facts.

Stallard sold his forty acres to the defendant Artz, who bought with like notice. Croup and Shaffer sold their forty acres to the defendant Hay, who also bought with like notice. About September 1st, 1877, the said defendants jointly took possession of said twenty-foot road and closed it up, without the plaintiff's knowledge or consent, by fencing across the same at the Plymouth and Inwood road, and by building a fence along the centre of it its entire length, and, although requested, have refused to permit the plaintiff to use it.

Upon these facts the complaint demanded that said twenty-foot road be declared a way appurtenant to the plaintiff's said eighty acres, with $100 damages, and that defendants be perpetually enjoined against closing up said way, or disturbing the plaintiff in the quiet enjoyment of it, and all proper relief.

The appellees claim that the cause of action above stated is within the statute of frauds. A perpetual right of way over the land of another is an easement; it is an interest in real estate. *Snowden* v. *Wilas*, 19 Ind. 10; *Ross* v. *Thompson*, 78 Ind. 90. In the case first cited this court said: "In these courts," (courts of equity) "the future enjoyment of an executed parol license, granted upon a consideration, or upon the faith of which money has been expended, will be enforced, at all events, where adequate compensation in damages could not be obtained. This will be done upon the two grounds of estoppel on account of fraud, and specific performance of a partly executed contract to prevent fraud, and * where law and equity are administered in the same court, relief is afforded in any given suit where the pleadings present the necessary averments."

In *Lane* v. *Miller*, 27 Ind. 534, this court said: "In view of the authorities, we are not inclined to overrule *Snowden et al.* v. *Wilas et al.*, 19 Ind. 10. The distinction between law and equity is abolished by the code."

Applying the principles recognized in these decisions to the right of way for twenty-five feet arising upon the executed contract between Morrison and Reilly, for which a

valuable consideration in money and labor was paid, Morrison having performed all that by the contract he. was bound to perform, the license to Morrison was not revocable after it was executed, but Morrison, by consent of Reilly, might well relinquish his claim to fifteen feet of the way, retaining his right to the remaining ten feet.

The subsequent contract between Stallard, Croup and Shaffer, Reilly and Morrison, was also made upon a valid consideration, and after its execution could not be revoked by Stallard or by Croup and Shaffer. Morrison, in consideration of what he obtained from them, gave up his right to fifteen feet of the way which he obtained from Reilly ; he could not be placed *in statu quo;* the revocation of this last license by any of the parties would be a fraud upon Morrison.

In *Lane* v. *Miller, supra,* this court said : " In this, and many of the other States, it has been held that where a parol license is given, on the faith of which money is expended by the licensee, the licensor will be estopped from revoking the license, unless the licensee can be placed *in statu quo.*" See, also, *Ogle* v. *Dill,* 55 Ind. 130, and *Buchanan* v. *Logansport, etc., R. W. Co.,* 71 Ind. 265.

In both of the cases last cited the amount of money expended on the faith of the license was considerable; but where a valid consideration has been given and the contract executed and the party can not be placed *in statu quo,* the amount of money or labor expended seems to make no difference in the principle. In *Stephens* v. *Benson,* 19 Ind. 367, this court said : " It is sufficiently shown in the answer, that the defendants expended money, upon the faith of said license, * to bring this case within the reasoning in that of *Snowden et al.* v. *Wilas et al.*" See, also, *Hodgson* v. *Jeffries,* 52 Ind. 334 ; *Nowlin* v. *Whipple,* 79 Ind. 481.

In *Miller* v. *State,* 39 Ind. 267, this court said : "A parol license that is not based upon a valid consideration and unconnected with any interest or vested right may be revoked at the pleasure of the licensor, but the rule is other-

wise when it is coupled with an interest and supported by a valid consideration."

No one can withdraw a promise or declaration, made with the view of inducing others to act, after they have acted upon it, and thus placed themselves in a position where they must necessarily suffer if it be withdrawn. Herman Estop. 437.

The complaint shows that the lands have been conveyed by the parties who contracted with Morrison, and are now held by their grantees. Where a license is revocable it may be determined at once by a conveyance from the licensor, without notice. *Lane* v. *Miller, supra.* But where the license is not revocable, grantees as well as the original parties are bound where they purchase with notice, and in some cases the existing condition of things might be notice to them of the equity. *Snowden* v. *Wilas, supra.* In the case at bar the complaint avers that the grantees purchased with full notice of all the facts.

Under the foregoing authorities, the complaint stated a sufficient cause of action. The court below erred in sustaining the demurrer to it.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court be and it is hereby in all things reversed, at the costs of the appellees.