Filed Sept. 21, 1886.

———————◆———————

## No. 12,416.

## BURROW v. THE TERRE HAUTE AND LOGANSPORT RAILROAD COMPANY.

RAILROAD.—*Surveying Right of Way.*—*Trespass.*—An entry upon land by a railroad company for the purpose of making a survey for a right of way is not an actionable wrong.

SAME.—*Contract for Right of Way.*—*Consideration.*—*Power of Attorney.*—A

Burrow v. The Terre Haute and Logansport Railroad Company.

written contract which releases and quitclaims to certain persons, in consideration of benefits to accrue, a right of way for railroad purposes, in trust for a railroad company, is not a power of attorney, but it invests in the persons named an immediate right to the real estate described.

SAME.—*Description.*—*Right of Company to Select Particular Location.*—Where the contract for a right of way releases a strip of land of a certain width through a certain tract of land, and no more definitely, it vests in the railroad company the right to select the particular location.

SAME.—*Relinquishment of Damages.*—*Subsequent Purchaser.*—*Notice.*—Where a property owner, in conveying a right of way to a railroad company, relinquishes all claims for damages by reason of the construction of the railroad upon the land conveyed, it is final as to all damages that can arise from a proper construction of the road, and protects the company from liability to a subsequent purchaser of the land, with notice.

SAME.—*License.*—*Revocation.*—A license founded on a valuable consideration is not revocable.

REAL ESTATE.—*Conveyance.*—*Description.*—It is not the office of a description to identify the land conveyed, but to furnish means of identification.

STATUTE OF FRAUDS.—*Not Available to Third Person.*—A third person can not make the statute of frauds available to overthrow a transaction between other persons.

CONTRACT.—*When Not Presumed Verbal.*—*Pleading.*—A contract will not be presumed to be verbal where the pleading declaring on it alleges that " a copy of said written contract is herewith filed and made a part of this answer, as Exhibit A," and where, following the answer, there is a copy of the contract.

From the Marshall Circuit Court.

*G. E. Ross*, for appellant.

*J. G. Williams*, for appellee.

ELLIOTT, J.—There are three paragraphs of the appellant's complaint, and although they differ in the relief sought, the gravamen of each of the causes of action is the same.

The essential facts in each of the paragraphs are that the appellant is the owner in fee of the real estate described, that the appellee unlawfully asserts a right to the possession of the property, and has wrongfully invaded the appellant's rights. The affirmative paragraph of the appellee's answer alleges that it is an incorporated railway company; that in the construction of its road, it became necessary to take pos-

session of part of appellant's land; that before entering upon the land, except for the purposes of a survey, it did purchase a strip of land from. William J. Myers, the grantor of the appellant; that Myers executed to it a written contract; that appellant had notice of this contract before his purchase, and that for the consideration expressed in the contract, " Myers did relinquish and release all claims for damages by reason of the location and construction of the railway."

It is said by counsel that " the contract or release declared on is not alleged to be in writing," and, therefore, must be presumed to be a verbal one.   The counsel is right as to the abstract proposition of law, that a contract not alleged to be in writing will be presumed to be a verbal one.   *Langford* v. *Freeman,* 60 Ind. 46; *Goodrich* v. *Johnson,* 66 Ind. 258. But while the counsel is right as to the law, he is wrong as to the fact, for the answer says:  "A copy of said written contract of release is herewith filed and made part of this answer as Exhibit A."   Where a contract is so described, it can not, of course, be presumed to be a parol one.

Following the answer is a copy of the contract referred to by the pleader, and it must be deemed a part of the pleading.. *Northwestern Mutual Life Ins. Co.* v. *Hazelett,* 105 Ind. 212.

The entry for the purpose of making a survey was not an: actionable wrong.   Cooley Const. Lim. (5th ed.) 594.

The written contract reads thus:

" I, William J. Myers, of the county of Marshall, in the State of Indiana, in consideration of the advantages which will accrue to me in particular, and the public generally, by the construction of a railroad between Logansport, Cass county, Indiana, and South Bend, St. Joseph county, Indiana, and for the purpose of inducing the construction of such railroad and avoiding condemnation proceedings, do hereby release and quitclaim to J. Leiter and A. D. Toner, of Kewanna, Indiana, in trust for such railroad company or companies as may cause such railroad to be constructed, the right of way, for railroad purposes only, for such railroad,

described as follows, to wit: A strip of ground ninety-nine feet wide, being forty-nine and one-half feet from the center on each side of the main track of said railroad as the same may be finally located and constructed, through the following real estate, in Marshall county, State of Indiana, to wit: The southwest sixty-one (61) rods in width of the north two-thirds ($\frac{2}{3}$) of lot number one (1); or the northwest fractional quarter of section twenty-one (21), township thirty-two (32) north, of range one (1) east, bounded on the west by the Winamac State road as now located, and on the east by Maxinkuckee lake—containing seventeen acres more or less. And I do hereby empower and direct the said J. Leiter and A. D. Toner to convey by good and sufficient deed the said right of way to the company or companies constructing said railroad, and do release and relinquish all claims for damages by reason of the location and construction of said railroad through or upon the above described real estate.

"Witness my hand and seal this 6th day of September, A. D. 1882.

"(Signed)       WILLIAM J. MYERS.

"Executed in presence of A. B. FITCH."

It is contended by counsel that this instrument is a mere power of attorney, investing the persons named with authority to convey a right of way. We can not so regard it. It vests in the persons named an immediate right to the real estate described, and does more than constitute them agents to convey the land. In truth, the land is directly and explicitly conveyed to them as trustees, and they are authorized to execute their trust by proper conveyances.

The instrument is a contract, founded upon a valuable consideration, and not a mere naked license. It is, however, settled law that a license founded on a valuable consideration is not revocable, and there is here a valuable consideration, accepted as sufficient by the agreement of the parties. If, therefore, we were to hold that the instrument is only a license, the appellant could not revoke it. *Strosser* v. *City of Fort*

*Wayne,* 100 Ind. 443, see p. 447; *Rogers* v. *Cox,* 96 Ind. 157, see p. 158 (49 Am. R. 152); *Buchanan* v. *Logansport, etc., R. W. Co.,* 71 Ind. 265; *Miller* v. *State,* 39 Ind. 267; *Snowden* v. *Wilas,* 19 Ind. 10.

The objection that the description of the land is insufficient can not be maintained. It is not the office of a description to identify the land conveyed, but to furnish means of identification, and that is done by the description in the instrument before us. The decision in *Indianapolis, etc., R. W. Co.* v. *Rayl,* 69 Ind. 424, is directly in point against the appellant, and it finds support from other cases. *Paul* v. *Connersville, etc., R. R. Co.,* 51 Ind. 527; *Baltimore, etc., R. R. Co.* v. *Highland,* 48 Ind. 381; *Chidester* v. *Springfield, etc., R. W. Co.,* 59 Ill. 87.

Contracts such as the one before us are made to carry into effect a purpose known to the contracting parties and authorized by a public law, and they must have a reasonable construction. It can not be known in advance where the railway will be located, and it is consequently held that, within fair and reasonable restrictions, such contracts as the present must be understood as vesting in the railway company a right to select a location.

In the additional brief filed by counsel for the appellant, it is said : " There is nothing in the answer to show that appellant's title came through Wm. J. Myers." But, here again, is a mistake of fact, for the answer avers that " The plaintiff, at the time he purchased said real estate from said Myers, had full knowledge of said contract, so executed by said Myers, and that the said railroad company intended to construct their said road upon said land under the right given it by said contract of release and license."

As the rights of the appellee were acquired prior to the purchase by the appellant, and as he purchased with knowledge of those rights, he can not successfully charge the appellee with an actionable wrong in exercising them. The rights of the appellee are prior in time, and it can not be a

trespasser in entering on the land for the purpose of enjoying the easement granted by the former owner of the property.

If the appellant did not have a prior title and right to the land, he can not recover, for, if the appellee has done no more than use the easement granted, it has invaded no legal rights of his, and where there has been no invasion of a right there can be no action.

It would do the appellant no good to declare the title to be in Leiter and Toner, for if it was then they alone could maintain an action, even if the railroad company was a wrong-doer. But the fair and just construction of this contract is that it grants an easement to the railroad company, and that for doing any act within the grant, and reasonably necessary to enjoy the easement granted, the company can not be deemed a wrong-doer.

It is perhaps true that the answer is not well drawn, and is censurable for its uncertainty, but the remedy for this defect is by motion, and not by demurrer.

The question as to the construction of the instrument executed by the appellant's grantor is also presented by the motion for a new trial, and it is argued that the instrument vests no estate in Toner and Leiter. We do not deem it necessary to repeat what we have said, but we may add, without repeating, that the instrument does vest in Toner and Leiter an interest in the land for railroad purposes, and that a valuable consideration is yielded for the estate granted, so that the trust is not a naked one. It is doubtless true that the grant was a conditional one, liable to be defeated by the failure to use the land for the purpose for which it was granted, but the appellant can not defeat the grant by preventing the building of the railroad. It would be strange if a man could grant a strip of land for railroad purposes, and then defeat his own grant, by himself preventing the use of the land for the purpose for which it was conveyed by the one party and accepted by the other.

The appellant brought the action, averring that he owned

the fee of the land upon which the alleged unlawful entry was made, and this fact he was bound to establish. *Broker* v. *Scobey*, 56 Ind. 588. The question is not whether the title is still in Leiter and Toner, but whether it is in the appellant, and it is not material whether Leiter and Toner have, or have not, made a formal conveyance of the land, or, indeed, any conveyance, whether by way of license or otherwise, for, if the appellant is not the owner of the land, it is utterly immaterial to him who does own it.

If it were conceded that Leiter and Toner were bound to transfer the land to the railroad company, it would not avail the appellant, for, if the transfer was by parol, he could not successfully interpose the statute of frauds to break down their contract. He is not a party to the transaction between the railroad company and Leiter and Toner, and can not, therefore, make the statute of frauds available to overthrow the transactions between them. *Dixon* v. *Duke*, 85 Ind. 434; *Savage* v. *Lee*, 101 Ind. 514; *Bodkin* v. *Merit*, 102 Ind. 293; *Foltz* v. *Wert*, 103 Ind. 404. The land had become Leiter and Toner's before he had any interest whatever in it, and he can not defeat contracts, whether in writing or by parol, made by them for the purpose of carrying into effect the condition of the grant.

The clause in the contract reading thus, "and I do release and relinquish all claims for damages by reason of the location and construction of said railroad through or upon the above described real estate," exerts an important influence upon this case, since it effectually cuts off all claim for damages arising from the construction of the railroad. Where a property-owner executes a release expressed in such comprehensive terms as those employed in the instrument under immediate mention, he parts with all right to recover for injuries resulting from the careful and skilful construction of the railroad through his land. In such cases as this, one general release, or one assessment of damages, covers all damages that can arise from the proper construction of the

railroad. *City of North Vernon* v. *Voegler*, 103 Ind. 314; *Montmorency G. R. Co.* v. *Stockton*, 43 Ind. 328; *Lafayette, etc., Co.* v. *New Albany, etc., R. R. Co.*, 13 Ind. 90.

This release executed by Myers protects the railroad company from liability for damages, as the appellant bought with notice of its execution. The effect of the release is to allow the use of the land for the purpose of constructing a railroad, and this involves the right to do all incidental acts essential to the enjoyment of the principal thing granted.

Judgment affirmed.

Filed Sept. 14, 1886; petition for a rehearing overruled Nov. 17, 1886.