Filed April 22, 1887.

---

No. 12,766.

## CAMPBELL *v.* The Indianapolis and Vincennes Railroad Company.

RAILROAD.—*Right of Way.—License.—Notice.—Estoppel.*—Where a parol license has been given, upon the faith of which money has been expended, the licensor, and those claiming under him with notice, will be estopped to revoke the license, where the licensee can not be placed *in statu quo.*

SAME.—*Notice by Occupancy and Use.—Inquiry.*—The occupancy and use of land by a railroad company for a road-bed and track for the running of trains, is sufficient notice to one claiming under the licensor, of the company's equity, for that which will put a party upon inquiry is notice.

SAME.—*Width of Right of Way.*—Where a railroad company, under a license from the owner, takes possession of ground for a right of way, and expends money in the construction and maintenance of its line of road thereon, it acquires, in the absence of any limitation appearing, a right of way, of the full statutory width of one hundred feet.

From the Marion Superior Court.

*J. C. Brush, G. A. Adams* and *J. S. Newby,* for appellant.

*S. O. Pickens, W. R. Harrison* and *W. E. McCord,* for appellee.

Campbell *v.* The Indianapolis and Vincennes Railroad Company.

HOWK, J.—This suit was commenced by appellant Camp-- bell against appellee, in the Morgan Circuit Court, on the 19th day of November, 1883. The object of the suit, as. stated in appellant's complaint, was to recover the possession of a strip of land, one hundred feet wide and one thousand seven hundred and eight feet long, particularly described, in Morgan county, occupied and used by appellee for its road- bed and right of way for fourteen years then last past; whereof it was alleged that appellant was the owner in fee simple and entitled to the possession, and that appellee had wrongfully taken and unlawfully held the possession thereof for the period aforesaid, to appellant's damage, etc.

Appellee answered by a general denial of the complaint, and also filed a counter-claim or cross complaint, wherein it stated its title to and claim upon the strip of land described in the complaint, and alleged that appellant's demand there- for was a cloud upon its title, and prayed that the same might be quieted.

Issue was joined on such counter-claim or cross com- plaint by answer in general denial. On appellant's applica- tion, the venue of the action was changed to the court below. There, the issues joined were tried at special term, and a finding was made against appellant on his complaint, and in favor of appellee on its counter-claim or cross complaint; and over his motion for a new trial, the court adjudged and decreed that appellant take nothing by his suit herein, and that appellee's title to the strip of land in controversy be quieted, etc. On appeal, the general term affirmed the judg- ment and decree of the court at special term.

A number of errors were assigned by appellant in general term, all of which are properly presented here. His coun- sel, however, have confined their able and exhaustive argu- ment to the discussion of a single question, namely, the alleged insufficiency of the evidence to sustain the finding· and judgment of the court at special term. It was shown by the evidence, that appellee's road-bed and railroad track

were constructed on and over the strip of land in controversy, during the years 1867 and 1868.   At that time Joseph Campbell, the father of appellant, and under whom he claimed title, was the owner of and resided upon the real estate, through which such strip of land extended, and continued to reside thereon long after appellee's road was constructed and operated, and within a short distance thereof, until he died in 1881.   It is claimed by and on behalf of appellee, that it entered upon and took possession of the strip of land in controversy for its right of way, with the leave and license of said Joseph Campbell, and had expended large sums of money, to wit, etc., in the construction and maintenance of its road-bed and railroad track, on, over and along such strip of land, in pursuance and upon the faith of such license, and in the actual presence and with the knowledge and consent of the said Joseph Campbell, and had owned and operated its line of railroad thereon continuously, from 1868 until the death of Joseph Campbell in July, 1881, without any objection thereto on his part.

If there be evidence in the record of this cause, which fairly tends to sustain the appellee's claim as we have stated it, as we think there is such evidence, it is settled by our decisions that the appellant, who claims title under said Joseph Campbell, can not recover herein.   *Snowden* v. *Wilas*, 19 Ind. 10;   *Lane* v. *Miller*, 27 Ind. 534;   *Hodgson* v. *Jeffries*, 52 Ind. 334;   *Ogle* v. *Dill*, 55 Ind. 130;   *Buchanan* v. *Logansport, etc., R. W. Co.*, 71 Ind. 265;   *Nowlin* v. *Whipple*, 79 Ind. 481;   *Simons* v. *Morehouse*, 88 Ind. 391.   In the cases cited, the doctrine is declared and acted upon, which has been recognized and approved by the courts of last resort in many of our sister States, that where a parol license has been given, upon the faith of which moneys have been expended, the licensor and those claiming under him, with notice, will be estopped from revoking such license, where the licensee can not be placed *in statu quo*.   Where the license is revocable, it may be determined at once, without

notice, by a conveyance from the licensor; but where, as here, the license is not revocable, the grantee who takes with notice, as well as the original licensor, is bound by the equitable estoppel. In the case in hand, the occupancy and use of the strip of land in controversy for appellee's road-bed and railroad track, and for the running of its trains, was sufficient notice to appellant, who claims under the original licensor, of appellee's equity. For, "that which shall be sufficient to put the party upon inquiry, is notice." *Hiern* v. *Mill,* 13 Ves. 114; *Mertins* v. *Jolliffe,* 1 Ambl. 311; *Singer* v. *Scheible,* 109 Ind. 575.

It may be assumed, the contrary not appearing, that appellee was and is incorporated under the general law of this State, providing for the incorporation of railroad companies, approved May 11th, 1852, and in force since May 6th, 1853. In the *fourth* clause of section 12 of such general law (section 3903, R. S. 1881), the general power is conferred upon such a corporation as the appellee "to lay out its road not exceeding six rods wide, and to construct the same." When, therefore, it appeared that the appellee, with the leave and license of Joseph Campbell, under whom appellant claims title, had entered upon and taken possession of the strip of land described in the complaint herein, and, upon the faith of such license, had expended large sums of money in the construction and maintenance of its line of railroad thereon, it was properly held, we think, that appellee's right of way thus acquired, in the absence of any limitation thereon appearing to the contrary, extended to the full statutory width of six rods, or one hundred feet. *Prather* v. *Western Union. Tel. Co.,* 89 Ind. 501, and authorities cited.

The controlling question, in the case under consideration, is one of fact, and not of law, and may be thus stated : Did the appellee enter upon and take possession of the strip of land, described in the complaint herein, with the leave and license of Joseph Campbell, the then owner thereof and under whom appellant claims title, and expend its money, upon

the faith of such license, in the construction and maintenance thereon of its line of railroad? Upon conflicting evidence this question was answered in the affirmative, by the finding of the trial court against the appellant, and in appellee's favor, and this finding and the judgment and decree of the court thereon were, in all things, approved and affirmed by the general term.

As we have already said, there is evidence in the record of this cause which fairly tends, we think, to sustain the finding and judgment below, on every material point. In such a case, it is settled by our decisions that the finding of the trial court will not be disturbed here, nor the judgment below be reversed, upon what might seem to be the preponderance of the evidence. *Rudolph* v. *Lane*, 57 Ind. 115; *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73; *Louisville, etc., R. W. Co.* v. *Zink*, 92 Ind. 406; *Allyn* v. *Allyn*, 108 Ind. 327.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed April 26, 1887.