Joseph *et al. v.* Wild.

---

## JOSEPH ET AL. *v.* WILD.

[No. 17,798.    Filed November 24, 1896.]

146    249
146    582

146    249
148    535
151    574

146    249
154    570
155    26

146    249
161    119

LICENSE.—*Revocation.*—A license to erect an outside stairway to the upper story of a building on the land of another becomes irrevocable after the building has been erected, in reliance upon such license, at a large expense, without any other stairway.

SAME.—*Easement.*—An executed parol license may become an easement on the land of another and impose a servitude on one estate in favor of another.

CONTRACT.—*Consideration.*—W. and C. are the owners of adjoining unimproved lots. They enter into an agreement whereby W. in the construction of a building on his own lot is to construct a wall on the partition line, which wall is to used by both, when C. has erected an adjoining building. Until the erection of such adjoining

Joseph *et al. v.* Wild.

building and a permanent stairway built, W. to have the right to maintain over the land of C. an outside stairway. Acting upon this agreement W. constructs the building including the outside stairway. *Held,* That the contract is supported by a valuable consideration.

NOTICE.—The erection and maintenance for more than fifteen years of an outside stairway on the land of one person leading to a building on the land of another is sufficient notice of an agreement between the two for the construction of such stairway, to all persons claiming under the former.

PRACTICE.—*Harmless Error.*—Error in sustaining a demurrer to one paragraph of answer is harmless where all the evidence which could have been given thereunder is admissible under a general denial which is pleaded.

CONTRACT.—*Not Rescinded Because Parties Did Not Foresee all Consequences.*—An agreement between two persons supported by a sufficient consideration, by which one is allowed to maintain an outside stairway to his building over the land of the other, will not be rescinded on the ground that the land has greatly increased in value since the agreement was made.

APPEAL.—*Longhand Manuscript.—How Made Part of Record.*—The record must affirmatively show that the longhand manuscript of the evidence was filed in the clerk's office before it was embodied in the bill of exceptions.

From the Hamilton Circuit Court. *Affirmed.*

*William Booth* and *Fertig & Alexander,* for appellants.

*Shirts & Kilbourne,* for appellee.

MONKS, J.—This action was brought by appellee, against appellants, to enjoin them from tearing down a stairway, the property of appellee. It is alleged, in the complaint, that appellee was, in 1880, and still is, the owner of certain real estate (describing it) in the city of Noblesville, Hamilton county, Indiana, and that one Haymond W. Clark was the owner of a strip of real estate thirty-five feet in width adjoining appellee's said property on the north, which was unimproved; that at said date appellee had decided to improve his said real estate, the same fronting on the

public square in said city by the erection of a two-story business block thereon. That it was the purpose of said Clark to improve his portion thereof, but he was not ready then to do so. It was agreed between appellee and said Clark that appellee should proceed to build his said two-story business block, putting the north wall thereof upon the line between the real estate owned by apppellee and said Clark, and that when said Clark should improve his own property he should have the use of said wall so put up by appellee. In consideration of which it was agreed that until said improvement should be made appellee should have the right to egress and ingress into the second story of his block by way of an outside stairway resting upon said real estate of said Clark, and that when a building should be erected on the strip of ground then owned by said Clark, that a permanent stairway should be constructed along the north side of said wall, leading from said public square, so as to furnish ingress and egress to the second stories of each of said buildings. Pursuant to said agreement, in the year 1880, appellee did so improve his portion of said property by the erection of said two-story business block, and did so construct said outside stairway along the north wall of said building and leading from the public square, which has ever since been the sole and only means of egress from and ingress to the second story of the business block built by appellee, and the said stairway has been openly and continuously maintained at all times since by appellee without objection. That appellee, relying upon the agreement with said Clark, erected said building with a view to have thereafter a permanent joint stairway, and constructed said outside stairway to obtain access to said second story until the permanent stairway was built, and has maintained it ever since. That after-

wards, appellants, Nelson & Nelson, became the own-
ers of the ground formerly owned by said Clark, and
the same has not been improved by the erection of any
permanent buildings thereon; that they are threaten-
ing to tear down and remove said stairway and pre-
vent appellee from having access to the second story
of his said building, etc.   That there are five rooms in
said second story, the only access to which is by way of
the stairway aforesaid, and four of said rooms are now
occupied by tenants, and if said stairway is removed,
as threatened, such tenants would have no means of ac-
cess thereto.  After the commencement of said action
appellants, Joseph & Joseph, purchased the real
estate formerly owned by Clark, of their co-appellants,
and were, on their own application, made defendants
to said action.   Appellee filed a supplemental com-
plaint, setting up the fact of their purchase and that
they claimed the right to tear down said outside stair-
way, etc.   Appellants each filed separate demurrers,
for want of facts, to the complaint and supplemental
complaint, which were overruled.  Appellants, Joseph
& Joseph, filed an answer in five paragraphs, and ap-
pellee's demurrer to each paragraph thereof, for want
of facts, was sustained to the second and fifth para-
graphs, and overruled as to the other paragraphs.

The cause was tried by the court and a finding made
in favor of appellee, upon which judgment was ren-
dered against appellants.

Appellants, Joseph & Joseph, filed a motion to
modify the judgment and for a new trial, which were
respectively overruled.

The said rulings of the trial court against appel-
lants are each assigned as error.

The first proposition urged is, that the complaint is
bad for the reason that the parol contract set forth is
void under the Statute of Frauds.

Joseph *et al. v.* Wild.

The allegations in the complaint show that appellee, pursuant to the contract alleged and relying thereon, erected the two-story business block and placed the north wall on the line dividing his real estate from that owned by Clark, the other party to the contract, and that he built the outside stairway along the north side of said north wall leading to the second story of said building, and that no provision was made for ingress to or egress from said second story except by this stairway, and that without the same no access could be had to the second story of said building, and that said stairway has been continuously maintained and used for more than fifteen years without objection. These allegations show a performance of the contract by appellee on his part. Regarding the contract as a mere license to erect the outside stairway, a large sum of money having been expended in the erection of said building on the faith thereof, and the stairway having been constructed on the faith thereof, the same has been executed by appellee, and must be deemed irrevocable. *Ferguson* v. *Spencer*, 127 Ind. 66; *Nowlin* v. *Whipple et al.*, 120 Ind. 596; *Buchanan* v. *Logansport, etc., R. W. Co.*, 71 Ind. 265; *Hodgson* v. *Jeffories*, 52 Ind. 334; *Parish* v. *Kaspare*, 109 Ind. 586; *Burrow* v. *Terre Haute, etc., R. R. Co.*, 107 Ind. 432, and cases cited; *Simons* v. *Morehouse*, 88 Ind. 391; *Nowlin* v. *Whipple*, 79 Ind. 481; *Snowden* v. *Wilas*, 19 Ind. 10; *LeFevre* v. *LeFevre*, 4 Serg. & R. 241; *Rerick* v. *Kern*, 14 Serg. & R. 267; *M'Kellip* v. *M'Ilhenny*, 4 Watts 317; *Swartz* v. *Swartz*, 4 Pa. St. 353; *Ebner* v. *Stichter*, 19 Pa. St. 19; 2 Am. Leading Cases, 570, 571, 573; Browne on Statute of Frauds (5th ed.), section 31, p. 39.

An executed parol license, however, may become an easement upon the land of another and may impose a servitude on one estate in favor of another. *Nowlin* v.

*Whipple, supra*; *Hazleton* v. *Putnam*, 3 Pin. (Wis.) 107; 3 Chandler (Wis.) 117, 54 Am. Dec. 158 and note on p. 166; *Dark* v. *Johnston*, 55 Pa. St. 164; *Huff* v. *McCauley*, 53 Pa. St. 206; *Thompson* v. *McElarney*, 82 Pa. St. 174; *Meek* v. *Breckenridge*, 29 Ohio St. 642, 650; *Legg* v. *Horn*, 45 Conn. 409; 2 Am. Leading Cases, 557, 578; Washburn Easements (4th ed.), pp. 27-29.

It is next insisted that the complaint is bad because there was no consideration for the agreement. A valuable consideration may consist of any benefit, delay or loss to another party. *Starr* v. *Earle*, 43 Ind. 478, 480. The facts alleged in the complaint show a valuable consideration within this definition of the said words.

Under the well known maxim that, "that which is sufficient to put a party upon inquiry is notice," the erection and maintenance of the stairway for more than fifteen years on the real estate owned by Clark was sufficient notice of the contract and rights of appellee thereunder to all claiming under Clark. *Campbell* v. *Indianapolis, etc., R. R. Co.*, 110 Ind. 490, 493; *Robinson* v. *Thrailkill*, 110 Ind. 117, 119; *Ellis* v. *Bassett*, 128 Ind. 118, and cases cited.

Appellee also contends that the facts alleged in the complaint show that the contract remains unexecuted for the reason that Clark and his successors have received no benefit therefrom. It is stated in the complaint that the outside stairway was to remain for the use of appellee's building until such time as the adjacent owner should erect a building upon his land, at which time a permanent stairway was to be built for the use of both parties upon the line occupied by the outside stairway. The complaint shows that appellee has fully performed his part of the contract; that he has erected his building in good faith, relying upon

the contract, and made no provision for access to the second story of his building, except by such outside stairway. Appellee is not seeking to compel the erection of the building and stairway adjoining his own under the contract; he only asks to enjoin appellants from tearing down the present stairway until such building and joint stairway are erected. Neither Clark, nor those claiming under him, are under any obligation to erect said building, but they have the right, under the contract, to do so whenever they see proper. But, under the facts alleged in the complaint, appellants have no right to tear down or otherwise interfere with the use of said stairway by appellee, or those claiming under him, merely because they have not exercised their privilege to erect a building and joint stairway, as provided in the contract. Until such time as the building and joint stairway are erected on the adjoining land, appellee and those claiming under him have the right to keep the outside stairway in repair and use the same without interference from appellants.

It is insisted by appellants, Joseph & Joseph, that the demurrer to the supplemental complaint should have been sustained for the reason that the supplemental complaint does not contain any averment that they threatened to tear down the stairway. The appellants, Joseph & Joseph, purchased the real estate described after the commencement of this action and after a temporary restraining order had been granted.

The supplemental complaint alleges "that said Josephs, and each of them, are now and still claiming the right to tear down and destroy said stairway, and claim that said appellant has no right to maintain the same," etc. Considering the complaint and supplemental complaint as one pleading, the objection urged is not tenable. It follows that the court

did not err in overruling the demurrers to the complaint and supplemental complaint.

Appellants, Joseph & Joseph, next contend that the court erred in sustaining the appellee's demurrer to their fifth paragraph of answer. The error, if any, committed by the court in sustaining the demurrer to this paragraph of answer was harmless, for the reason that all evidence that could have been given under said paragraph was admissible under the first paragraph of answer, the general denial.

It is earnestly insisted that that part of the fifth paragraph of the answer which alleges "that when said contract was made the Clark real estate was not worth over $50.00 per front foot, and has increased in value at this time to $300.00 per front foot, and that the city of Noblesville has trebled in population and wealth * * and many other changed conditions, and that under the present conditions the granting of a perpetual injunction would be of actual advantage to appellee of $1,500.00, and of loss to appellants, Joseph & Joseph, of a corresponding amount, by taking so much of their property and bestowing it on said appellants without consideration," was a good answer in bar.

The fact that the maintenance of said stairway will be of great value to appellee and loss to appellant was not sufficient to constitute a defense to the action. Parties cannot be relieved from their contracts and acts thereunder upon the sole ground that they did not foresee all their consequences. *Hodgson* v. *Jeffories, supra,* on page 338.

After the judgment was rendered, appellants, Joseph & Joseph, moved the court "to modify the same so as to provide that they or their grantees might at any time remove said stairway for the immediate purpose of erecting new and permanent build-

ings on their ground adjoining appellee's said building, and that in erecting said new building said appellants, their heirs and assigns be not required to construct or provide any stairway for the use of appellee in lieu of the stairway now existing."

Appellee has the right, under the contract, as we have shown, to maintain said outside stairway until the building and joint stairway are erected on the adjoining lot. The only way appellants can end appellee's right to maintain said outside stairway is by erecting the building and joint stairway. It follows that the motion to modify the decree was properly overruled.

The questions presented by the motion for a new trial depend for their determination on the evidence. We cannot consider any question raised by the motion for a new trial for the reason that the evidence is not properly in the record.

The evidence in the cause was taken down by a shorthand reporter, and it is sought to certify the longhand manuscript of the evidence to this court under section 1 of an act approved March 7, 1873 (Acts 1873, p. 194). The record shows that the bill of exceptions was signed by the trial judge on October 23, 1895, and the record does not show that the longhand copy of the evidence was filed in the clerk's office before the bill of exceptions containing the same were signed by the judge.

It is settled law in this State that under said act of 1873, the longhand copy of the evidence must be filed in the clerk's office before it is embodied in the bill of exceptions and signed by the judge, and this fact must be affirmatively shown by the record. *Carlson* v. *State,* 145 Ind. 650; *Rogers* v. *Eich, ante,* 235; *Manley* v. *Felty, ante,* 194; *DeHart* v. *Board, etc.,* 143 Ind.

VOL. 146—17

363 ; *Smith* v. *State*, 145 Ind. 176 ; *Beatty* v. *Miller*, *ante*, 231; *Hamrick v. Loring* (Ind. Sup.), 45 N. E. 107.

No available error appearing in the record, the judgment is affirmed.