THE UTILITY PAPER COMPANY *v.* ATKINSON.

[No. 2,255.     Filed April 7, 1898.]

APPEAL AND ERROR.—*Assignment of Error.*—*Failure to Discuss.*— *Waiver.*—Assignments of error which are not discussed are deemed waived. *p. 688.*

APPEAL AND ERROR.—*Evidence.*—*Record.*—The longhand manuscript of the evidence must be filed in the clerk's office before it is embodied in the bill of exceptions and signed by the judge.    *pp. 688-690.*

From the Wells Circuit Court.    *Affirmed.*

*Cantwell, Cantwell & Simmons, Ferdinand Winters* and *Dailey, Simmons & Dailey,* for appellant.

*A. N. Martin, W. H. Eichhorn, J. A. Hindman* and *Baker & Daniels,* for appellee.

ROBINSON, C. J.—Appellee sued appellant for damages resulting from the alleged pollution of a natural watercourse by appellant.

The first fourteen assignments of error relate to rulings on certain pleadings, but as none of these have been discussed by counsel they are deemed waived.

The fifteenth assignment of error is the overruling of appellant's motion for a new trial.    The questions discussed relate to the admission and exclusion of certain testimony, the insufficiency of the evidence, the giving of certain instructions, and the refusal to give certain instructions requested.

It is argued by counsel for appellee that the evidence is not in the record.    If this view is correct no question is presented for decision.

It appears by a vacation entry that the longhand manuscript of the evidence was filed in the clerk's office on the 27th day of December, 1895, also in a certificate of the clerk following the transcript of evidence the clerk certifies "that said longhand manuscript of the evidence and proceedings in said cause was filed in my office by the said The Utility Paper Company on the 27th day of December, 1895." But in the clerk's final certifiate he certifies, "that the above and foregoing is a full, true, and complete transcript of the proceedings, pleadings, papers on file, record, and judgment in the above entitled cause as the same

The Utility Paper Company *v.* Atkinson.

appear of record in my office. And I further certify that on the 2nd day of January, 1896, the official reporter who took down the evidence in said cause, filed in my office his longhand manuscript of said evidence which is the same manuscript of the evidence incorporated in the bill of exceptions No. 2, made a part of the foregoing transcript. In witness whereof, etc."

The trial judge signed the following certificate: "And now on this 27th day of December, 1895, and within the time. allowed by the court for the filing of all bills of exceptions, the defendant comes and presents to the court this its bill of exceptions No. 2, and prays that the same may be sealed, signed, and made a part of the record, which is accordingly done, this 27th day of December, 1895."

It is not possible for this court to harmonize these contradictory statements of the clerk. It was incumbent upon appellant to bring up a complete and proper record. If the clerk's final certificate be adopted the evidence was not filed in the clerk's office until some days after the bill of exceptions was signed by the judge. But if we should resolve all doubts in appellant's favor it does not affirmatively appear that the longhand manuscript was filed in the clerk's office before it was incorporated in the bill of exceptions. The trial judge incorporates the evidence in the bill of exceptions when he signs the bill, and it must appear from the record that the evidence had been filed in the clerk's office before it was incorporated in the bill. This the record does not show. The evidence is not in the record.

In *Joseph* v. *Wild*, 146 Ind. 249, the court, by Monks, J., said: "It is settled law in this State that under said act of 1873, the longhand copy of the evidence

must be filed in the clerk's office before it is embodied in the bill of exceptions and signed by the judge, and this fact must be affirmatively shown by the record." Judgment affirmed.